IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 OCT -7 PM 2:51

CLERK ALBUQUERQUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )    CR. No. 05-1849 JH |
| | ) |
| DANA JARVIS, et al. | ) |
| | ) |
| Defendant. | ) |

## APPENDIX TO UNITED STATES' APPLICATION FOR PROTECTIVE ORDER
## AND REQUEST FOR EXPEDITED HEARING FILED
## OCTOBER 6, 2005

The United States of America, by and through its attorneys DAVID C. IGLESIAS, United

States Attorney for the District of New Mexico, and STEPHEN R. KOTZ, Assistant United

States Attorney for said District, files United States' Attachment 4 (lease agreement) to

accompany the United States' filed Application for Protective Order and Request for Expedited

Hearing filed October 6, 2005. Therefore, the United States respectfully requests that

Attachment 4 (lease agreement) accompany the United States' Application for Protective Order

and Request for Expedited Hearing, which was electronically filed on October 6, 2005.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1533

hereby certified that a
copy was mailed/delivered to counsel
for defendant, Dana Jarvis,
Judith Rosenstein, Victor E. Carlin, Esq.,
attorney for First State Bank, NM; and Jay Baum-Lambros
on 7th day of October, 2005

STEPHEN R. KOTZ
Assistant U.S. Attorney

## LEASE AGREEMENT

THIS LEASE AGREEMENT is made this 23rd day of April, 2005 by and between DANA JARVIS, (hereinafter designated as "LESSOR"), and HARLOW'S ON THE HILL, L.L.C., A New Mexico Limited Liability Company, (hereinafter designated as "LESSEE").

WITNESSETH:

WHEREAS, Lessor is the owner of the following personal property known as New Mexico Dispenser Liquor License No. 2599, (a copy of which is attached hereto and incorporated herein by reference as Exhibit "A".) together with the real property and premises located at 3523 Central Avenue, N.E., Albuquerque, New Mexico 87106, containing a structure of approximately 3100 square feet, which is legally described in Exhibit "B", (a copy of which is attached hereto and incorporated herein by reference.) Additionally, Lessor is the owner of certain furniture, fixtures, signs and equipment located within or upon the premises which are more particularly described in Exhibit "C", ( a copy of which is attached hereto and incorporated herein by this reference.) All of which are presently located in Albuquerque, Bernalillo County, New Mexico, and

WHEREAS, Lessor is willing to lease New Mexico Dispenser Liquor License No. 2599, together with the real property, premises and personal property as described above to Lessee, and Lessee is willing to lease said Liquor License No. 2599, together with the real property, premises and personal property upon the terms and conditions hereinafter provided,

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Lessor and Lessee agree as follows:

1. Lessor does hereby let, lease and demise to Lessee, New Mexico Dispenser Liquor License No. 2599, together with the real property, premises and personal property as described herein.

2. The term of the lease shall be for a period of five years, (60) months, beginning on the date that the State of New Mexico Alcohol and Gaming Division of the Regulation and Licensing Department approves the lease of New Mexico Liquor License No. 2599 from Lessor to Lessee and ending sixty (60) months thereafter. However, the Lessor herein, hereby grants unto Lessee the option to renew the term of this Lease Agreement for two additional five (5) year periods under the same terms and conditions contained herein, plus Consumer Price Index increases on each 5 year option, provided the Lessee notify Lessor in writing of its intention to exercise its option to renew at least sixty (60) days prior to the expiration of this Lease Agreement.

(1)

Following approval of this Lease Agreement and any renewal thereof by the Alcohol and Gaming Division, all rental payments due hereunder shall be due and payable on the fifth (5th.) day of each and every month for the sixty (60) month period of the term of this lease.

3. Lessee, for and in consideration of the lease of New Mexico Dispenser Liquor License No. 2599, together with the real property, premises and personal property, hereby agrees and covenants with Lessor to pay as rent during the term of this lease, without notice or demand except as set forth herein, the sum of THREE HUNDRED THIRTY SIX THOUSAND DOLLARS ($336,000.00), plus applicable gross receipts tax, in the following manner, to-wit:

A. Lessee shall pay to Lessor the sum of Five Thousand Six Hundred Dollars ($5,600.00) per month, plus applicable gross receipts tax, each and every month during the term of this lease.

B. For the purpose of determining the amount of gross receipts tax due by the Lessee, the following allocations are made:

The allocated lease amount per month for the liquor license shall be Two Thousand Six Hundred Dollars ($2,600.00) plus applicable gross receipts tax.

The allocated lease amount per month for the personal property (furniture, fixtures, signs and equipment) shall be Five Hundred Dollars ($500.00) plus applicable gross receipts tax.

The remaining monthly lease amount of $2,500.00 shall be allocated to the real property.

C. A Nine Thousand, Nine Hundred Fifty Dollar ($9,950.00) earnest money deposit (which shall be returned to Lessee in the event this Agreement does not close through no fault of the Lessee), shall be made out and paid by Lessee to Lessor upon execution of this lease. Upon final approval by the Alcohol and Gaming Division of the use and lease of said Liquor License herein, the Lessee shall immediately pay to Lessor the applicable gross receipts tax, making a total pre-paid lease payment of Nine Thousand, Nine Hundred Fifty Dollars, plus applicable gross receipts tax thereon, and an additional sum of Nine Thousand, Nine Hundred Fifty Dollars, plus applicable gross receipts tax thereon, within thirty (30) days after closing, and an sum of Thirteen Thousand, Six Hundred Dollars, plus applicable gross receipts tax thereon, within sixty four (64) days after closing, and said amounts shall be applied as advanced rental payment to

(2)

the first and second and third month's rental and to the fifty eighth (58th.), fifty ninth (59th.) and sixtieth (60th.) month's rental under this lease.

D. In the event the Alcohol and Gaming Division refuses to allow the lease to occur, due to no fault of Lessee, the Lessee shall immediately be entitled to a full refund of its earnest money deposit.

E. All other payments called for hereunder shall be due and payable on the fifth (5th.) day of each and every month with a ten (10) day grace period, should Lessee be late on any of its payments. If however, any rental payment due hereunder shall be more than ten (10) days late, then Lessee agrees to pay Lessor a late charge of $100.00 per day for each day a payment is late after the expiration of the ten (10) day grace period.

4. New Mexico Dispenser Liquor License No. 2599, pursuant to the terms of this lease, shall be operated at 3523 Central Avenue N.E., Albuquerque, New Mexico 87106, which is the Lessee's place of business. Lessee shall not move said liquor license or use it at any other location without the express written consent of Lessor.

5. All payments due hereunder shall be made when due, by Lessee, by cashier's check, money order or personal check to DANA JARVIS #3 Enebro Road, Santa Fe, New Mexico 87508, or any other address that may be designated by Lessor by giving written notice to Lessee.

6. This lease is contingent upon the Alcohol and Gaming Division approving the lease New Mexico Dispenser Liquor License No. 2599 from Lessor to Lessee. Lessor and Lessee agree to do everything necessary to obtain the Alcohol and Gaming Division's approval of the lease of said Liquor License.

7. Lessor shall cause written notices to be mailed, certified mail, return receipt requested, to all wholesale liquor distributors advising them that New Mexico Dispenser Liquor License No. 2599 is leased by Lessee and is not subject to liens of suppliers for charges of Lessee. Lessee agrees to maintain its accounts with the wholesale liquor distributors on a C.O.D. basis during the term of this lease.

8. The Lessee is obligated to pay all liquor bills, costs of shipping and choses in action from all liquor wholesalers and other wholesalers who may claim a lien upon the Lessor's Liquor License, as a direct result of transacting business with Lessee.

(3)

The Lessee is required and obligated under the terms of this lease to notify all wholesalers and parties who may attach a lien to the Liquor License, that the Lessor is not obligated to pay the debts and obligations of the Lessee, as a direct result of Lessee's actions. In the event that any lien, attachment, garnishment or encumbrance shall be affixed to the Liquor License named herein, said attachment becomes a condition of default under the terms of this lease. The Lessor may require the Lessee to immediately clear the title to the Liquor License of all liens, attachments, garnishments or encumbrances by giving Lessee written notice that, unless Lessee clears such title by taking action specified in the notice within ten (10) days of its receipt, Lessee shall be in default hereunder. The Lessee is further obligated to allow Lessor to inspect the records and accounts of wholesale liquor suppliers and other suppliers at any time, for the purpose of insuring that all bills, costs and debts of the Lessee are paid in a timely fashion. The Lessor shall be permitted to advance any and all money necessary to protect the Liquor License. The Lessor shall be indemnified by Lessee for all sums of money advanced, including costs and attorney fees, if necessary to protect the License, or to enforce the terms of this lease.

9. Lessee shall pay any City, County, State and Federal fees or taxes owed by reason of New Mexico Liquor License 2599 during the term of this lease and shall furnish evidence of such payment of such fees or taxes to Lessor within thirty (30) days of said fee or tax having come due. The 2005-2006 State renewal fee and City of Albuquerque Liquor License tax shall be prorated upon commencement of this lease. The following taxes and fees are currently imposed upon the operator of a Liquor License, in this case the Lessee, and may be subject to change in the future:

A. City of Albuquerque Liquor License Tax: $250.00 per year.
B. State of New Mexico: Annual Liquor License Renewal Fee $1,300.00 plus $100.00 Sunday by the Drink Sales fee, plus $100.00 Sunday Package Sales Fee.
C. United States Department of Treasury, BATF: $250.00 annual tax.
D. State of New Mexico monthly Gross Receipts Tax.

Failure by Lessee to pay all fees and taxes timely is a breach of this lease.

10. Lessee shall comply in full with all City, County, State and Federal laws, rules, regulations and ordinances with regard to the sale of alcoholic beverages in the State of New Mexico, and will do no act that would cause a cancellation or revocation of New Mexico Liquor License No. 2599.

(4)

11. Insurance: The Lessee agrees to maintain and provide proof of liability insurance for damage to persons and property in an amount of not less that $2,000,000.00 per person per occurrence for a total coverage of not less than $2,000,000.00, and to name Lessor as an additional insured under said liability policy.

12. Responsibility: The Lessor shall not be held responsible for any breach of federal, state, municipal law, or other laws, regulations or ordinances with which Lessee must comply during the term of this lease, caused as a direct result of Lessee's actions. Any citation delivered against the license or the Lessee by the New Mexico Alcohol and Gaming Division, caused as a direct result of Lessee's actions, shall be . a condition for breach and default under the terms and conditions of this lease. The Lessee shall be responsible for all attorney's fees, transfer fees and lost rent in the event of default and transfer of the lease, which are a direct result of Lessee's actions.

13. Indemnification: Lessee shall at all times prior to the termination of this lease, and to the delivery to Lessor of possession of New Mexico Dispenser Liquor License No. 2599, indemnify Lessor against all liability, loss, cost, damage or expense sustained by Lessor, including attorney's fees and interest on Lessor's damage at the rate of ten percent (10%) per annum, and other expenses of litigation arising prior to or after termination of the lease term and delivery to Lessor of New Mexico Liquor License No. 2599;
    (a) On account of or through the use of Liquor License No. 2599 by Lessee, or by another person, for any purpose inconsistent with the provisions of this lease, which are a direct result of Lessee's actions,
    (b) Arising out of or directly or indirectly due to any failure of Lessee in any respect promptly and faithfully to satisfy its obligation under this lease.
    (c) Arising out of or directly or indirectly due to an accident or other occurrence causing injury to any person, or persons, or property, resulting from Lessee's use of New Mexico Liquor License No. 2599. Lessee also shall at all times prior to termination of the lease term and delivery to Lessor of possession of said Liquor License No. 2599, indemnify Lessor against all liens and charges of any and every nature that may at any time be established against Liquor License No. 2599 or any part thereof, as a consequence, direct or indirect, of any act or omission of Lessee.

14. Lessee hereto, agrees to pay all reasonable costs, attorney's fees and expenses that shall be made or incurred by Lessor in enforcing this lease or in pursuing all available remedies which are, or may be allowed hereunder, or allowed at law or in equity. Lessor hereby agrees to the same terms and conditions of this provision.

(5)

15. Default, Termination and Repossession: Lessor may terminate this lease or repossess Liquor License No. 2599 and hold the same as if this lease had not been made, in the event of non payment by Lessee of any installment of rent or of any taxes, fees or any other payments herein required in accordance with the provisions of this lease, or if the use of New Mexico Liquor License No. 2599 shall be abandoned by Lessee during the term of this lease
provided Lessor first gives Lessee thirty (30) days written notice that unless Lessee takes such curative action as is specified in the notice within thirty (30) days after its receipt, Lessee shall be deemed in default and Lessor intends to terminate the lease or repossess the Liquor License. Lessor may, at its option, relet Liquor License No. 2599 as agent of Lessee, with Lessee remaining liable for unrecovered loss or damage resulting from the abandonment, default or termination. Lessee hereby waives all rights of notice to quit or intention to repossess under the provisions of any statute of the State of New Mexico, in the event of any abandonment of Liquor License No. 2599 by Lessee, except to the extent called for herein. To the extent permitted by law, the Lessor shall have no obligation hereunder to relet liquor license No. 2599 and shall in no way be responsible or liable for any failure to relet said liquor license. Further, no such termination of this lease shall relieve the Lessee of its liability and obligations hereunder and such liabilities and obligations shall survive any such termination. In the event of any such termination due to Lessee's default, the entire remaining balance of the rent which would be due and payable for the remainder of the term of the lease if this lease were still in effect shall become immediately due and payable to Lessor as and for liquidated damages for the Lessee's default. Such balance due shall be reduced by sums recovered by Lessor by any reletting of the Liquor License.

16. All remedies of Lessor hereunder are cumulative and are not exclusive of any other remedy to which Lessor may be lawfully entitled. Lessor's failure to require strict performance of any agreement, covenant or condition under this lease, or Lessor's receipt of rent with knowledge of the breach of any agreement, covenant or condition hereof shall not be deemed a waiver of such breach and shall not prevent Lessor from thereafter terminating this lease, or otherwise demand strict performance of its terms, either for such breach or for prior or subsequent breaches hereof.

17. If any provision of this lease or any application thereof shall be declared invalid or unenforceable by any court of competent jurisdiction, the remainder of this lease and any other application of such provision shall continue in full force and effect.

(6)

18. Assignment, Subletting and Joint Use: The Lessee may not assign, sublet or allow joint use of said License, real property, premises or personal property without the prior written consent of the Lessor (said written consent may not be unreasonably withheld) and any attempt to assign, sublet, or allow joint use shall be void, and at Lessor's option, shall terminate this lease.

19. The Lessee shall use and occupy the premises only as a restaurant, bar, or a bar and grill. The use of the premises by Lessee shall at all times be with the approval of the Lessor.

20. The Lessee shall not permit or commit waste to the premises.

21. The Lessee shall not permit or engage in any activity which will effect an increase in the rate of insurance for the building in which the premises is contained nor shall the Lessee permit or commit any nuisance thereon.

22. Lessee shall be responsible for all utilities, including electricity, gas, heating, and water and trash and garbage removal. The Lessee shall also be responsible for property taxes. In addition Lessee agrees to maintain fire insurance for the contents of the premises.  The Lessor agrees to maintain fire insurance on the structure.

23. The Lessor and the Lessee shall conduct a joint inventory of all contents of the building at 3523 Central Avenue, N.E., Albuquerque, New Mexico, prior to taking possession of the building. Any concerns should be noted at the time of the inventory to DANA JARVIS in writing within one week of the inventory.

24. At the end of the term of the Lease, the Lessee shall surrender and deliver up the premises in the same condition (subject to any additions, alterations, or improvements, if any) as presently exists, reasonable wear and tear excluded.

25. The Lessor and the Lessee warrant and represent each to the other that the performance of this agreement does not violate any laws, statutes, local ordinances, state or federal regulations, regarding controlled substances, or otherwise, or any court order or administrative order or ruling, nor is such performance in violation of any loan documents's conditions or restrictions in effect for financing, whether secured or unsecured.

26. The agreements, covenants, terms, conditions, provisions and undertakings in this lease, or in any extensions or renewals hereof, shall extend to be binding upon the assigns and successors in interest of the respective parties hereto as if they were in every case named and expressed.

(7)

27. It is agreed by the parties that this lease is the entire agreement of the parties and may not be modified or changed, unless said modification or alteration is reduced to writing and signed by the parties to be changed.

28. Harlow's on the Hill, LLC and Matthew Gregory, individually, hereby guarantee the prompt payment and performance of any of Lessee's obligations hereunder.

29. All notices, requests, claims, demands or other communications required or permitted by this lease to be given or made by the parties shall be in writing and shall be directed as follows:

If to Lessor:
        Mr. Dana Jarvis
        #3 Enebro Road
        Santa Fe, New Mexico 87508

If to Lessee:
        Harlow's on the Hill, LLC
        5301 Central Avenue N.E.
        Albuquerque, New Mexico 87108

or to such changed addresses as a party hereto shall designate to the other parties hereto from time to time in writing.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first above written.

_____
LESSOR: DANA JARVIS

_____
LESSEE: HARLOW'S ON THE HILL, LLC
BY: MATTHEW GREGORY, MEMBER.

_____
LESSEE: MATTHEW GREGORY, AS PERSONAL GUARANTOR

(8)

## ACKNOWLEDGEMENTS

STATE OF NEW MEXICO )
                     )ss
County of BERNALILLO)

   The foregoing instrument was acknowledged before me this
_____ day of April, 2005 by Dana Jarvis.

_____           _____
Notary Public                       My commission expires:


STATE OF NEW MEXICO )
                     )ss
County of BERNALILLO)

   The foregoing instrument was acknowledged before me this ____
day of April, 2005, by Matthew Gregory as a Member of Harlow's on
the Hill, LLC, a New Mexico Limited Liability Company, and by
Matthew Gregory as personal guarantor.

_____           _____
Notary Public                       My commission expires:


(9)

SUBMIT ORIGINAL AND A COPY
TYPE OR PRINT LEGIBLY

**Limited Liability Company
ARTICLES OF ORGANIZATION**

The undersigned, acting as organizer(s) of a limited liability company pursuant to the New Mexico Limited Liability
Company Act, adopt the following Articles of Organization:

**ARTICLE ONE:** The name of the limited liability company is: _Harlow's on the Hill,_
_LLC_

**ARTICLE TWO:** The period of duration (if other than perpetual) is: _____

**ARTICLE THREE:**
(1) The New Mexico street address of the company's initial registered office is:
_3523 Central Ave NE Albuquerque, NM 87106_
(P.O. Box is not acceptable. Provide a description of the geographical location if a street address does not exist.)

(2) The name of the initial registered agent at that address is: _Matthew Gregory_

(3) The street address of the company's principal place of business, if different from its registered
office, is: _3523 Central Ave NE Albuquerque, NM 87106_

**ARTICLE FOUR** (check only if applicable):
_____ YES Management of the business and affairs of the company is vested in a manager.

**ARTICLE FIVE** (check only if applicable):
_✓_ YES The limited liability company is a single member limited liability company.

**ARTICLE SIX:** If these Articles of Organization are not to be effective upon filing with the
commission, the effective date is: *(if an effective date is specified here, it cannot be a date prior to
the date the articles are received by the commission)* _____

Dated: _4/27/05_

| | |
|---|---|
| _(signatures)_ | _Matthew Gregory_ |
| | _JAMES LAMBROS_ |
| **Signature of Organizer(s)** | **Printed Name(s)** |

Form DLLC
(revised 07/03)

RECEIVED
APR 2 8 2005
NM PUBLIC REG. COMM.
CORPORATION BUREAU

EIN
20-2747200