# United States District Court

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

## NEW MEXICO

AUG 2 4 2005

MATTHEW J. DYKMAN
CLERK

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)
New Mexico Liquor License No., 2599 in the name of Club Rhythm and Blues located at 3523 Central N.E., Albuquerque, New Mexico, owned by Dana Jarvis

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER: 05M520

I Richard Stark being duly sworn depose and say:

I am a(n)   Special Agent   Drug Enforcement Administration   and have reason to believe
                            *Official Title*

that in the Judicial District of New Mexico there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized).

New Mexico Liquor License No., 2599 in the name of Club Rhythm and Blues located at 3523 Central N.E., Albuquerque, New Mexico, owned by Dana Jarvis

which is (state one or more bases for seizure set forth under the United States Code)
Based on the facts set forth herein, I believe there is probable cause to seize the Liquor License identified above because it was used to facilitate the sale of Liquor at Club Rhythm and Blues which has been identified as a business used by Jarvis to launder proceeds from the sale of Marijuana in violation of 846 (Conspiracy to Distribute Marijuana) as well as

violations of Title 18 U.S.C §§1956 & 1957, which are subject to seizure pursuant to 21 U.S.C. § 853 (a)(1) & (a)(2)

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:
See Attachment in Support of Seizure Warrant

Continued on the attached sheet and made a part hereof.    ☒ Yes   ☐ No

Signature of Affiant

Sworn to before me, and subscribed in my presence
8/24/05
Date

at   Albuquerque, New Mexico
     City and State

United States Magistrate Judge
Alan C. Torgerson
Name and Title of Judicial Officer
**U.S. Magistrate Judge**

Signature of Judicial Officer

US v Jarvis et al   1500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR AN ORDER AUTHORIZING THE SEIZURE OF NEW MEXICO LIQUOR LICENSE NO. 2599, IN THE NAME OF CLUB RHYTHM AND BLUES, LOCATED AT 3523 CENTRAL N.E. ALBUQUERQUE, NEW MEXICO, OWNED BY DANA JARVIS. | Magistrate No.<br><br>UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF APPLICATION**

I Richard L. Stark, first being duly sworn, depose and say:

I am a Special Agent of the Drug Enforcement Administration (DEA), United States Department of Justice, Albuquerque, New Mexico District Office. I have been employed as a Special Agent since 1996. As an agent with the DEA, I attended a 16 week academy, after which I was assigned to the wire intercept and long term conspiracy investigations group in Tucson, Arizona for approximately 3 ½ years. I have been assigned to the Albuquerque District Office since September 2000. I have been involved with numerous narcotics smuggling and distribution investigations which have resulted in the seizure of narcotics, the seizure of property, and the arrest, prosecutions and convictions of the subjects of the investigations. I have personal knowledge of the facts contained in this affidavit or have been told them by the persons mentioned below.

Because of my training and experience as a Special Agent with the DEA, I have extensive knowledge in debriefing defendants, co-conspirators, witnesses, and informants who have been involved in unlawful drug trafficking. Said individuals have had personal experience involving the techniques and methods by which drug traffickers manufacture and cultivate controlled substances and they have shared that information with me. Additionally, these individuals often know the type and amounts of drugs illegally distributed and to whom those drugs are distributed. In addition they often know about the monies exchanged and received for drugs, as well as the techniques and methods by which drug traffickers acquire, spend, convert, transport, distribute and conceal the proceeds they derive from unlawful drug trafficking.

Based upon my training, experience, and participation in this investigation and other drug trafficking investigations involving large amounts of controlled substances, I have reason to believe that drug traffickers often place assets, to include vehicles, aircraft, and businesses in names other than their own to avoid detection of these assets by government and law enforcement agencies. Even though these assets are placed in the names of other persons or entities, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them.

Based on the facts set forth herein, I believe there is probable cause to seize the liquor license identified above, because it is being financed with proceeds derived from unlawful drug trafficking in violation of 21 USC § 846, Conspiracy to Distribute Marijuana through First State Bank checking account #1874527, owned by Dana JARVIS. This account has also been involved in and is traceable to money laundering of illegal drug proceeds in violation of 18 U.S.C. §§ 1956 and 1957 (Money Laundering) of which examples are listed below in the affidavit. Accordingly, the liquor license is subject to forfeiture under 21 U.S.C. §§ 881(a)(6).

## UNDERLYING FACTS AND CIRCUMSTANCES

1. Your Affiant is the case agent assigned to investigate the drug trafficking organization (DTO) run by Dana JARVIS. The investigation of Dana JARVIS and his drug associates began in April 2002. To date your Affiant has learned the JARVIS DTO purchases ton quantities of marijuana from drug brokers in the state of Arizona. These Arizona based traffickers smuggle the marijuana into the United States from the Republic of Mexico. Once the JARVIS DTO takes possession of the bulk marijuana it is then distributed to drug dealers throughout the United States, to include the states of Colorado, Arizona, New Mexico, Illinois, New York, Connecticut, Massachusetts, Maryland, Ohio, Kentucky, Indiana, and Louisiana. Proceeds from the sale of marijuana are then funneled back to JARVIS and his associates in the form of bulk cash shipments. Many of the bulk cash shipments were transported aboard aircraft owned and/or operated by the JARVIS DTO. Agents have identified Jorge Luis MOFFET-ORTIZ and Ronald JUAREZ, as two Tucson based marijuana sources of supply for the JARVIS DTO.

2. On October 27, 2004, your Affiant was notified by the United States Customs Air Marine Operations Center (AMOC) in Riverside, California that an aircraft bearing tail number N3AJ, an aircraft registered in the name of Dana JARVIS, was enroute to Oklahoma City, Oklahoma from the Tucson, Arizona area. Your Affiant followed the aircraft in another Customs aircraft and

landed minutes ahead of them in Oklahoma City. Your Affiant observed Dana JARVIS's daughter, Ayla JARVIS, and the pilot David REID exit the aircraft. The two were followed to a local hotel where A. JARVIS registered in a nominee name. On October 28, 2004, the aircraft was tracked to Bloomington, Indiana. A. JARVIS was followed to a local restaurant where she met with known drug associate Greg HILL. After departing the restaurant location A. JARVIS, the lone driver of the vehicle, was stopped for a traffic violation. During a consensual search of her vehicle, agents discovered $278,210.00 in bulk United States Currency. Following the seizure of said funds, pilot David REID called the Indiana State Police Officer who seized the money. REID told the officer that if the police department returned half of the monies that were seized, they (REID and A. JARVIS) would donate the other half to the police department.

3. From March 2, 2005, through the present, agents in the District of New Mexico have conducted judicially authorized wiretap interceptions of several cellular telephones utilized by Dana JARVIS, Ayla JARVIS, and other members of the JARVIS DTO.

4. On May 17, 2005, a known marijuana and bulk money courier for the JARVIS DTO was stopped near Omaha, Nebraska. During a consent to search of said individuals vehicle, Officers discovered approximately 205 pounds of marijuana in his vehicle. In a post arrest interview the cooperating defendant witness, hereafter referred to as CDW-1, stated that the marijuana he was stopped with belonged to Dana JARVIS, and that he has worked for the JARVIS DTO for approximately two and one half years. In addition he said that JARVIS placed everything he owns in nominee names to include vehicles and properties. CDW-1 said that Dana JARVIS had a bar in Albuquerque named Club Rhythm and Blues, but he closed it because it was costing him $10,000.00 per month to keep open. CDW-1 stated that Dana JARVIS's daughter, Ayla JARVIS, has been heavily involved in the JARVIS DTO for several years. CDW-1 stated that Ayla JARVIS recently had a large sum of money seized from her in Bloomington, Indiana. This information is corroborated by the incident from October 27, 2004, described in paragraph 2 above. During a subsequent interview, CDW-1 stated that all of Dana JARVIS's money comes from drug trafficking.

5. In October 2002, your Affiant interviewed a confidential source of information, hereafter referred to as CS-1. CS-1 stated that Dana JARVIS was a marijuana trafficker, and that he purchased Club Rhythm and Blues for the purpose of laundering his drug proceeds.

6. According to the loan documents received from First State Bank for loan 214477, for the liquor license, JARVIS received a business registration

permit for Club Rhythm and Blues in June 2002. Your Affiant believes prior Business license registrations were filed, however, they have not yet been located.

7. On February 18, 2003, Dana JARVIS signed a purchase agreement, as the buyer, for New Mexico Liquor License number 2599. JARVIS paid $15,000 in earnest money with a First State Bank Check number 613, drawn on checking account #1874527 in the name of Dana JARVIS. The check was written on February 17, 2003 to Vince Marchiondo, who owns Vince Marchiondo Real Estate and Liquor License Brokerage. The license was purchased from PELAP Inc., DBA Phil's Pub. First State Bank checking account #1874527, owned by Dana JARVIS, is used to pay the mortgage on a known stash house, located at 1440 Cielo Vista, in Bernalillo, New Mexico, thus facilitating his drug trafficking activities by providing a stash location. JARVIS financed the liquor license with First State Bank, loan number 214477, in the amount of $125,000.00 JARVIS uses the same First State Bank account 1874527, to pay the loan payments on the liquor license.

8. An analysis of JARVIS' First State Bank checking account number 1874527, revealed checks written to JARVIS from Club Rhythm & Blues business account, Bank of America account number 2064192936. These checks were then deposited into JARVIS' First State Bank savings account number 1223801. Some of these checks listed "rent" in the memo section indicating that JARVIS was compensating himself for renting the property used by the bar, which he owns. By doing so, your Affiant believes that JARVIS structured these payments to appear to be legitimate business expenditures. It is your Affiant's experience that drug traffickers often try to disguise or conceal their drug proceeds by transferring them from one account to another or by making them appear to be legitimate business transactions. JARVIS also deposits checks made out to himself and drawn off of his business account at Bank of America, account number 2064192936, into his First State Bank checking account number 1874527.

9. In your Affiant's experience, drug traffickers often co-mingle illegal drug proceeds with legitimate business earnings in an effort to legitimize it as legal income. Since this affidavit is submitted for the limited purpose of establishing probable cause to seize the liquor license mentioned above, I have not included each and every fact known to the Affiant. Rather, it only contains the facts this Affiant believes are necessary to establish probable cause to seize the license.

10. On August 23, 2005, a federal grand jury in the District of New Mexico returned a sealed 26-count indictment charging Dana Jarvis, Ayla Jarvis, Jorge Luis Ortiz-Moffett, Matthew Hotthan, Mike Hannah, Ralph Greene,

George Ripley, Cathy Fitzgerald, David Reid, Pat Berssenbrugge, Barbara Hanna, George Osgood, Greg Hill, Geno Berthod, Russell Trujillo, Matthew Hotthan, Manuel Gil, Sam Jones, Salvador Abeyta, Bill Jones, Mary Cannant, and Adrian Sanford with, *inter alia*, Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Included in the Indictment is a forfeiture allegation which lists Liquor License 2599 as an asset to be forfeited upon conviction.

Your Affiant believes there is probable cause to seize New Mexico Liquor License number 2599 from the property last known as Club Rhythm and Blues located at 3523 Central N.E. in Albuquerque, New Mexico

It is further requested that this Affidavit, Application and Order be sealed by the court.

I have presented this affidavit to James Braun, Assistant United States Attorney, and was advised that, in his opinion, the proposed affidavit is in proper form and supported by probable cause.

I respectfully ask the court to issue an order authorizing the seizure of the license, described above. Furthermore, I have only used that information necessary to establish probable cause and inform the court of pertinent information related to the request for this Seizure Warrant.

_____
Richard Stark
Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence on this 24 day of August in the year 2005 at Albuquerque, New Mexico.

_____
Alan C. Torgerson
United States Magistrate Judge

US v Jarvis et al   1505