**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Cr.  No. 05-1849 JH

DANA JARVIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions by Defendant Dana Jarvis: *Motion for Release of Funds* [Doc. No. 338], and *Motion to End Unconstitutional Conditions of Confinement And for Expedited Hearing* [Doc. No. 342]. On February 23, 2006, the Court held a hearing on both motions at which Defendant was present.  After considering the law and the arguments, the Court will deny both motions.

**I.      Motion for Release of Funds**

In this motion, Defendant argues that the Government has effectively restrained his real property in Mora, New Mexico by recording a notice of lis pendens notifying prospective purchasers and lenders of the Government's interest in the property.  Because the Mora property is a "substitute" asset not alleged to be directly connected with the wrongdoing alleged in the indictment, Defendant argues that the pretrial restraint of his property absent a conviction and forfeiture order is improper.

Defendant's argument rests squarely upon the premise that the Government's filing of the notice of lis pendens constitutes a "restraint" of the property within the meaning of 21 U.S.C. § 853. After considering this argument, the Court is persuaded by the reasoning of the Eleventh Circuit

Court of Appeals in *United States v. Register*, 182 F.3d 820, 836-37 (11th Cir. 1999). In that case, the court held that the the government did not "seize" the defendant's property, nor did it restrain him from disposing of his real estate,

 by filing a notice of lis pendens pursuant to state law. The court observed that this was "an action that had the effect of notifying the public (and in particular, prospective buyers or recipients of the land) that the government claimed an interest in the property." *Id*. at 836. The court acknowledged that, as Defendant has argued here, notices of lis pendens have the practical effect of impeding an owner's ability to sell property, particularly at its full market value. *Id*. Yet the court also pointed out that, despite the lis pendens, "the right to alienate the property ... exist[s]." *Id*. (quoting *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1323 (3d Cir. 1982)). The Eleventh Circuit also reasoned that "notices of lis pendens affect only one incident of ownership—alienability—whereas other methods of securing potentially forfeitable property are significantly more restrictive." *Id*. Citing *United States v. James Daniel Good Real Property*, 510 U.S. 43, 54, 114 S.Ct. 492, 501 (1993), the court contrasted the filing of a notice of lis pendens with a true seizure of the property. In *James Daniel Good*, the Supreme Court observed that outright seizure deprives the interest-holder of "valuable rights of ownership, including the right of sale, the right of occupancy, the right to unrestricted use and enjoyment, and the right to receive rents," leaving him only "the right to bring a claim for the return of title."). *Id*. However, a lis pendens deprives the property owner of none of these rights of ownership. *See also Aronson v. City of Akron*, 116 F.3d 806, 811-12 (6th Cir. 1997) (finding that a filing of a notice of lis pendens by the government does not constitute a deprivation of property triggering due process concerns); *United States v. Miller*, 26 F.Supp.2d 415 (N.D.N.Y. 1998) (finding that the government may file a notice of lis pendens as to substitute property, as such

2

notice does not constitute restraint of property).

Defendant offers no authority to the contrary. Instead, he tries to distinguish the foregoing cases by arguing that *Register* and *Aronson* involved forfeitable property, not substitute assets as is the case here. Defendant seems to imply that whether an action may be characterized as a retraint of property turns on whether the property is forfeitable. However, the Court concludes that this distinction is untenable. The Court is unaware of any authority to suggest that the question of whether real property has been restrained turns on whether the government has alleged it to be forfeitable or substitute property.

Accordingly, the Court finds that Defendant's property has not been improperly restrained, and his motion will be denied.

**II.      Motion to End Unconstitutional Conditions of Confinement**

This motion arises from the transfer of Defendant from the general population to administrative segregation at the Regional Correctional Center, where he is being held subject to a pretrial detention order. The Government requested the transfer after it learned that Defendant's fellow detainee had accused him of plotting to have the DEA case agent and a cooperating defendant witness murdered.

First, Defendant argues that the terms of his segregation have impaired his Sixth Amendment right  to prepare his defense with the effective assistance of his counsel because he has not been permitted to meet with one of his attorneys or the investigator assigned to his case. However, it appears that this issue has been cured. At the hearing held February 23, 2006, counsel for the Government assured the Court that in the future, both of Defendant's attorneys as well as the investigator would be permitted to meet with Defendant. As Defendant's counsel agreed, this

stipulation appears to have eliminated the issue.  Because the question of whether Defendant's conditions of confinement are adversely affecting his ability to prepare his defense is within this Court's jurisdiction, the parties should notify the Court if they are unable to fully resolve this matter in the future.

Second, Defendant argues that his conditions of confinement violate his Eighth Amendment right to be free from cruel and unusual punishment, as well as his Fifth Amendment right to due process.  The due process clause has been held to "protect[ ] a pre-trial detainee from the use of excessive force that amounts to punishment."  *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1871 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39, 99 S.Ct. 1861, 1871-74 (1979)).

Defendant contends that he is isolated 23-hours per day and not allowed to speak with anyone other than his counsel (including his family).  In addition, he contends that each time he is permitted to leave his cell, he is handcuffed and shackled.  Defendant argues that these conditions constitute "severe and irreparably harmful punishment."   However, the Government offers a proper administrative reason—prevention of a potential crime—other than punishment for the tightened conditions of Defendant's confinement.  The Government then argues that the issue of whether the conditions of Defendant's pretrial confinement violate his constitutional rights is beyond the jurisdiction of this Court, which for the purposes of the present case has jurisdiction over only the pending criminal matter.  The Government contends that Defendant's proper remedy is to file a separate civil action in accordance with 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or to file an independent habeas corpus action. The Court agrees, concurring with the rationale expressed by District Judge Cristina Armijo in *United States v. Cisneros*, et al., Cr. No. 01-1709, in which she drew a distinction between a detainee's claim

for violation of his right to prepare his defense in his criminal case and his civil claims arising from his conditions of pretrial confinement.  In fact, it appears that a civil action is the most common and most appropriate route for adjudication of such claims.  *See, e.g., Magluta v. Samples*, 375 F.3d 1269 (11th Cir. 2004) (pretrial detainee filed *Bivens* action arising from alleged constitutional violations stemming from the conditions of his confinement); *Nary v. Hennessey*, 238 F.3d 430 (9th Cir. 2000) (appeal from pretrial detainee's civil action under Section 1983); *Johnson-El v. Schoemehl*, 878 F.2d 1043 (same).  *Cf. United States v. Jones*, 1997 WL 565657, No. 97-4200 (4th Cir. Sept. 12, 1997) (affirming district court's dismissal of detainee's claim seeking amendment of pretrial conditions of confinement where defendant failed to show actual prejudice to his Sixth Amendment right to counsel); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 261 n. 7 (7th Cir. 1990) ("[T]he remedy ... for violations of the due process clause during pre-trial detention is not the divestiture of jurisdiction, but rather an injunction or money damages.") (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979)).

In support of his argument, Defendant cites two cases, both of which are unhelpful to his cause.  In *United States v. El-Hage*, 213 F.3d 74, 81 (2nd Cir. 2000), the defendant challenged the conditions of his pretrial confinement.  However, the defendant in *El-Hage* challenged those conditions on the basis that they "restrict[ed] his ability to prepare his own defense."  *Id*. Therefore, it is of no surprise that the court exercised jurisdiction and addressed the issue.  Defendant also cites *United States v. Idema*, 1995 WL 371161, No. 94-5947, at **2 (4th Cir. June 21, 1995), an unpublished decision in which the court observed that "[u]nlike in the case of pretrial detention, *see* 18 U.S.C.A. § 3142(c)(3) (West Supp. 1994), there is no statutory provision providing for amendment of the conditions of confinement or release once a person has been convicted and

detained by a judge."  However, this observation by the court does little to assist Defendant.  18

U.S.C. § 3142(c)(3) merely provides that a judicial officer may at any time impose additional or

different conditions of *release*, a situtation not present here.  Further, as discussed above, a federal

district court does have the authority to address a defendant's conditions of pretrial detention to the

extent that those conditions may be interfering with the detainee's ability to prepare his defense in the

criminal case pending before that court.  However, the Defendant in this case has failed to come

forward with sufficient authority to persuade the Court that it should act on his claims, when instead

he has an applicable civil remedy available to him.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Release of Funds* [Doc. No.

338] is **DENIED**, and Defendant's *Motion to End Unconstitutional Conditions of Confinement And

for Expedited Hearing* [Doc. No. 342] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

6