IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DENNIS WILSON, )<br>)<br>Defendant. ) | Cr. No. 05-1849 JH |

UNITED STATES' RESPONSE TO
DEFENDANT'S APPEAL OF DETENTION ORDER

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said district, and responds to defendant Dennis Wilson's "Appeal of Detention Order" as follows:

1.     On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment in this case against twenty-one defendants. On April 25, 2006, the grand jury returned a superseding indictment against the remaining defendants and eight additional defendants, including the defendant Dennis Wilson ("Wilson"). Wilson is charged in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Because Wilson has a prior felony drug conviction, he faces a mandatory term of twenty years, and up to life, imprisonment.

2.  On May 1, 2006, subsequent to a detention hearing, United States Magistrate Judge Lorenzo F. Garcia ordered Wilson detained pending trial.

3.  Wilson filed his "Appeal of Detention Order" on May 17, 2006. In his motion, Wilson alleges that he is not a risk of flight or a danger to the community and requests that he be released either to the third-party custody of his wife in Rancho de Taos or to the La Posada halfway house in Albuquerque.

4.  Title 18, United States Code, Section 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994) (unpublished).

5.  The presumption established by Section 3142(e) is applicable in this case based on the charges in the superseding indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The

>  defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

6. In conducting its *de novo* review of Judge Garcia's detention order under 18 U.S.C. § 3145(b), this court can consider the evidence presented at the initial detention hearing, as well as any additional evidence presented by the parties. *See United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003). That evidence may be presented by proffer. *United States v. El-Hage*, 213 F.3d 74, 82 (2nd Cir. 2000).

7. At the detention hearing before Judge Garcia, Wilson's wife, Judy Wilson, testified in support of Wilson's request that he be released to her custody. On cross-examination, Mrs. Wilson claimed that, while they were married and living together, Wilson had hid from her his involvement in the conspiracy to which he pled guilty in 1991, his use of marijuana, and his 2002 arrest for possession of marijuana. After hearing Mrs. Wilson's testimony, Judge Garcia found that she was not a suitable third-party custodian.

8. Wilson is charged in this case with being a member of a drug trafficking conspiracy that spanned fifteen years. Moreover, Wilson engaged in the charged conspiracy after having been convicted of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in 1991. While on supervised release after being released from federal prison, Wilson tested positive for the use of marijuana on numerous

occasions in 1998 and 1999.  Then, on May 18, 2002, Wilson was arrested for possession of marijuana in Truth or Consequences, New Mexico.  Finally, when Wilson was arrested in this case on April 27, 2006, agents found a small quantity of marijuana in his jacket pocket.  Based on the nature of this case and his prior history, Wilson cannot overcome the presumption that he is a risk of flight and a danger to the community.  Therefore, he should remain detained pending trial.

WHEREFORE, the United States requests that the court deny Wilson's "Appeal of Detention Order."

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that a true copy of
the foregoing pleading was faxed to opposing
counsel of record, Robert Gorence, this 25th
day of May 2006.

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney