IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: CR 05 1849 JH |
| | ) | |
| DENNIS WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION AND SUPPORTING MEMORANDUM FOR DISCOVERY
REGARDING PRIOR CRIMINAL ACTS BY GOVERNMENT WITNESSES
AND INFORMATION NECESSARY TO EFFECTIVELY
CROSS-EXAMINE GOVERNMENT WITNESSES**

The Defendant, Dennis Wilson, by his attorney, Robert J. Gorence, Esq. of Gorence &
Oliveros, P.C., moves that this Court order the government to disclose to defense counsel the
following material in government records:

1.      Evidence of prior criminal and bad acts by government witnesses and/or acts that
undermine the credibility of government witnesses.

2.      All material tending to impeach government witnesses.  This material includes,
but is not limited to, the following:

        a.      Any and all formal or informal promises by the government to reward a
                witness, including money, leniency in criminal prosecutions, assistance in
                forfeiture proceedings, living expenses, medical treatment, transportation
                expenses, and placements in any witness protection program; including
                but not limited to all of the following forms:

                1.      Copies of all debriefing reports;

                2.      Copies of case initiation reports;

3.      Copies of statements signed by any informant/witness;

4.      Any administrative correspondence pertaining to the informant/witness, including documentation of any representations made on his behalf or any other nonmonetary considerations furnished;

5.      Any deactivation report or declaration of an unsatisfactory informant.

b.      Any and all threats against a government witness for failure to testify, including but not limited to whether the witness was a target of a criminal investigation and threatened with prosecution, even if the witness has not been charged.

All evidence reflecting bias of any government witness against the defendant motivated by any reason.

c.      All psychological records or records relating to the mental capacity of any government witness.

e.      All records of drug treatment of any government witness.

f.      All impeachment evidence contained in jail, prison, military and Veteran Administration records of any government witness.

g.      Any and all impeachment information contained in records of any government witness from any welfare agency, food stamp offices, housing authority, child support divisions or any other social service agencies.

h.      Any and all impeachment information contained in records of any government witness from the Internal Revenue Service or the State of

New Mexico Taxation and Revenue Department, including all 1040s or 1099s.

i.      Any and all impeachment information contained in employment applications, records, and personnel files of any government witness.

j.      Any and all impeachment information contained in any divorce or custody proceedings in which any government witness was involved.

k.      Any and all records relating to any name change proceedings instituted by any government witness.

The list of such witnesses includes, but is not limited to, witnesses identified in discovery as CW1 through CW8.

The discovery order entered in this case requires production of the material which is here requested, as does Rule 16 and the cases cited below. Nonetheless, much of it has not been located in the voluminous documents which have been produced and reviewed by undersigned counsel.

## ARGUMENT

It appears from the discovery which has been produced that there is extensive exculpatory evidence contained in government files regarding prior bad acts committed by the listed witnesses that would severely undermine their credibility.  Therefore, Mr. Wilson requests this Court to order the government to make reasonable inquiry in related law enforcement and other government files for exculpatory and impeachment information.

## A.    The Government Must Disclose Evidence Favorable to the Accused.

In the landmark case of Brady v. Maryland, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  These broad duties of disclosure are rooted in the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution.  Id. at 86; Smith v. Secretary of New Mexico Dept. of Corrections, 50 F.3d 801, 822 (10th Cir. 1995).  Failure by the government to disclose material exculpatory evidence violates a defendant's constitutional due process right to a fair trial.  Smith, 50 F.3d at 823.

In order to ensure that the defendant's constitutional rights are protected, the government prosecutor has been vested with an ongoing and active duty to avoid "suppression"[1] of  any exculpatory evidence.  See Smith, 50 F.3d at 824. This obligation by the prosecutor is not limited to the information contained in his or her file.  Rather, the prosecutor's obligation to the defendant includes "the duty to learn of any favorable evidence known to the others acting on the government's behalf in the case."  Kyles v. Whitley, 514 U.S. 419, 437 (1995).  Moreover, the prosecutor's obligation to turn over exculpatory evidence is not dependent in any fashion on the nature of the defendant's request, because the obligation "stands independent of the defendant's knowledge."  Banks v. Reynolds, 54 F.3d 1508, 1517 (10th Cir. 1995).  Thus, the prosecutor's duty under Brady arises whether or not the defendant specifically

---

[1]The term "suppression" is actually somewhat of a misnomer in the context of a Brady violation. While the term "suppression" naturally seems to connote some intentional act by the prosecutor to hide evidence from the defense, this clearly is not required because a Brady violation does not depend on a showing of bad faith of the prosecutor.  Smith, 50 F.3d at 824.  A more appropriate term would actually be "non-disclosure" rather than "suppression."  See Victor Bass, Comment, Brady v. Maryland and the Prosecutor's Duty to Disclose, 40 U. Chi. L. Rev. 112, 121 (1972) (arguing in favor of the language of "non-disclosure" instead of "suppression"). Thus, the term "suppression" as used in this memorandum is synonymous with the term "non-disclosure."

requests the favorable evidence.  United States v. Agurs, 427 U.S. 97, 107-11 (1976) (holding that the prosecutor's constitutional duty to disclose favorable evidence is not limited to situations where the defendant has requested the favorable evidence). This principle confirms that this motion, despite its filing in close proximity to the trial date, is by no means the first notice the prosecution has of its obligation. The duty to locate documents in government files about its witnesses is well known to the experienced prosecutor in this case.

Importantly, "Brady and its progeny are grounded in notions of fundamental fairness and they embody a practical recognition of the imbalances inherent in our adversarial system of criminal justice." Smith, 50 F.3d at 823; see also United States v. Abello-Silva, 948 F.2d 1168, 1180 (10th Cir. 1991) ("The government's hand is stacked with cards the defense lacks.").  Brady is an attempt to compensate for these imbalances by departing from the purely adversarial model in order to promote and enhance the search for truth.  Id.; United States v. Bagley, 473 U.S. 667, 675 n.6 (1985).  Thus, the Tenth Circuit has emphasized that the prosecutor's duty is not to win the case, but rather to ensure that justice is done.  Smith, 50 F.3d at 823 (internal citations omitted).  Justice can only be truly done in this case if the prosecution discloses to counsel for Mr. Wilson prior to trial all potentially exculpatory evidence accessible to the prosecution.

Since this request by the defendant is made prior to trial, the burden is not on the defense to make an initial showing of materiality.  Rather, the demand for production of the records is sufficient.

**B.     Defendant Wilson is Entitled to Discovery of Any and All Impeachment Information of Government Witnesses.**

Additionally, defense counsel specifically requests, pursuant to United States v. Bagley, 473 U.S. 667 (1985), any and all material that tends to impeach a government witness.  The government's obligation to disclose favorable evidence under Brady clearly extends to any and

all information that could be used to impeach government witnesses.  Kyles, 514 U.S. at 433

(recognizing that the Court in Bagley disavowed any difference between exculpatory and

impeachment evidence for Brady purposes); Abello-Silva, 948 F.2d at 1179 ("Impeachment

evidence merits the same constitutional treatment as exculpatory evidence.").  As Justice

Blackmun said in Bagley, if defense counsel uses impeachment evidence effectively, "it may

make the difference between conviction and acquittal."  473 U.S. at 676.  Therefore,

"impeachment is integral to a defendant's constitutional right to cross-examination, [and] there

exists no pat distinction between impeachment and exculpatory evidence under Brady."  Smith,

50 F.3d at 825 (internal citations omitted).

Specifically, the Federal Rules of Evidence have recognized that generally a witness's

prior criminal and otherwise bad acts reflect on that witness's credibility and thus are relevant.

See Fed. R. of Evid. 609 (providing for impeachment of witnesses by evidence of a conviction of

a crime.  The admissibility of this evidence is admissible at trial because of the general

recognition by courts that this type of evidence is often probative of the witness's bias or lack of

credibility.  See e.g. United States v. Abel, 469 U.S. 45 (1984).  When the criminal record of a

government witness bears on his credibility, then that record must be turned over to the defense

pursuant to the prosecution's Brady obligation.  United States v. Perdomo, 929 F.2d 967, 970-73

(holding that the criminal record of the key prosecution witness was exculpatory and material

and thus disclosure was required under Brady); United States v. Strifler, 851 F.2d 1197, 1202

(9th Cir. 1988) ("Normally, the criminal record of a witness is available to the prosecutor and, as

it bears on the witness's credibility, must be turned over to the defendant.").  The criminal record

of a government witness is fertile ground for impeaching the credibility of that witness.

Additionally, Mr. Wilson specifically requests, pursuant to Giglio v. United States, 405

U.S. 150 (1972), that all government concessions, favors, promises of leniency, or threats of

prosecution against government witnesses be disclosed, and copies of related documentation

provided.  Evidence concerning government promises of leniency or threats of prosecution

constitute valuable impeachment evidence which must be disclosed to the defendant pre-trial.

Giglio, 405 U.S. at 154 (holding that the Brady doctrine applies to material evidence that would

impeach a government witness whose "reliability may well be determinative of guilt or

innocence"); United States v. Harris, 462 F.2d 1033, 1035 (10th Cir. 1972) (ordering a new trial

based on the government's failure to disclose a promise of leniency to a government witness).

The government has brought this case based on the statements of witnesses who may

have had a business or other close relationship with Mr. Wilson.  Presumably, these witnesses

are now testifying for the government in exchange for various government concessions or to

avoid prosecution.  As a result, the government witnesses against Mr. Wilson have a strong

motivation to cooperate with the prosecutor in proffering testimony against the defendant, which

is relevant as evidence of a motive to lie and implicate Mr. Wilson.  As such, Wilson is entitled

to discovery of any government offers, favors, promises of leniency, or threats of prosecution

tendered to witnesses in exchange for their testimony.  Since these enticements to testify

undermine the credibility of the government witnesses and provide a bias or motivation to testify

favorably for the prosecution and against Mr. Wilson.

**C.    Defendant Wilson is Entitled to All Information In Government Files or Otherwise Accessible to the Prosecutor that Tends to Undermine the Credibility of Any Government Witness.**

Furthermore, the defendant specifically requests, pursuant to Kyles v. Whitley, 514 U.S.

419 (1995), that the U.S. Attorney's Office undertake a reasonable and comprehensive review of

government files for material tending to impeach government witnesses.  These files may

include, but are not limited to, psychological records, drug treatment records, records from social

service agencies, state and federal tax records, employment records, records from divorce or custody proceedings, jail and prison records, pre-sentence reports, and records relating to any name change proceedings.

In <u>Kyles</u>, the Supreme Court imposed an obligation on the government, even in the absence of a defense request, to actively search for exculpatory evidence and disclose it to the defense.  514 U.S. at 437-38.  When the defendant makes a specific request and draws a road-map for the government to find exculpatory evidence, clearly the government must look for it and disclose it if found.

**CONCLUSION**

For the foregoing reasons, the Court should order the government to furnish the particulars requested above.

Respectfully submitted,

<u>Electronically Filed 10/22/06</u>
Robert J. Gorence, Esq.
Attorney for Defendant Wilson
Gorence &Oliveros, P.C.
201 12th Street NW
Albuquerque, NM 87102

I hereby certify that a true and correct copy of the foregoing was faxed on this 23rd day of October, 2006 to:

AUSA James R.W. Braun
PO Box 607
Albuquerque, NM 87103

Robert R. Cooper
1011 Lomas, NW
Albuquerque, NM 87102

Martin Lopez, III
1500 Mountain Road, NW
Albuquerque, NM 87104-1359

Brian A. Pori

204 Bryn Mawr, NE
Albuquerque, NM 87106

Jacquelyn Robins
1905 Lomas Blvd., NW
Albuquerque, NM 87104

Cliff McIntyre
1500 Mountain Road, NW
Albuquerque, NM 87104

Kimberly A. Middlebrooks
PO Box 66985

Albuquerque, NM 87193
David A. Streubel
Kelley, Streubel & Mortimer LLC
315 5th Street, NW
Albuquerque, NM 87102-2105

John V. Butcher
Federal Public Defender's Office
111 Lomas Blvd., NW, #501
Albuquerque, NM 87102

D. Penni Adrian
4300 Carlisle Blvd., NE, #4
Albuquerque, NM 87107

Electronically Filed 10/22/06
Robert J. Gorence

Angela Arellanes
PO Box 1784
Albuquerque, NM 87103-1784

Bennett J. Baur
Rothstein, Donatelli, Hughes, Dahlstrom,
  Schoenburg & Bienvenu
PO Box 8180
Santa Fe, NM 87504-8180