IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: CR 05 1849 JH |
| | ) | |
| DENNIS WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR SEVERANCE OF DEFENDANTS**

The Defendant, Dennis Wilson, by his attorney, Robert J. Gorence, Esq. of Gorence & Oliveros, P.C., moves the Court, pursuant to Fed. R. Crim. P. 14, for a severance of trials for Mr. Wilson and the remaining co-defendants. Mr. Wilson asserts that a joint trial would severely prejudice his ability to receive a fair trial because of the enormous disparity of evidence the government possesses against him in relation to the remaining co-defendants, both to degree and weight. Additionally, a severance would conserve judicial resources because it would allow for his case to be tried in manageable unit instead of a blunderbuss mega-trial.

**I.      Procedural History**

On August 23, 2005, a grand jury indicted 21 defendants in a 26 count indictment in this matter. On April 25, 2006, Mr. Wilson was named as a defendant in this matter in the superceding indictment. After being arrested on April 27, 2006, Mr. Wilson was released to a third-party custodian on or about July 18, 2006 and he has remained on conditions of release since that date. The superceding indictment charged 22 defendants with 26 separate federal criminal violations. The superceding indictment added new defendants, including Mr. Wilson.

Likewise, some co-defendants named in the original indictment were omitted from the superceding indictment. Significantly, Mr. Wilson is charged in only count one of the indictment, a conspiracy count. Specifically, Mr. Wilson is charged with participating in a conspiracy that allegedly existed between all of the defendants between "approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005." Superceding Indictment, Doc. 414, at p.1.

The discovery that has been provided to Mr. Wilson to date depicts that after a vast investigative effort, co-defendant Dana Jarvis and his organization were involved in an interstate marijuana distribution operation alleged to move through Tucson, Arizona to New Mexico to Denver, Colorado, Columbus, Ohio, and Bloomington, Indiana. The superceding indictment alleges that Dana Jarvis' culpability rises to the level of an organizer or other position of management of a continuing criminal enterprise. The discovery reveals, pursuant to a Court authorized intercept order, hundreds of allegedly pertinent telephone calls and financial records which purportedly establish Jarvis' complicity. In contrast, Mr. Wilson's alleged participation, according to several cooperating defendants, involved only the alleged storage of unspecified "bulk quantities" of marijuana. See Superceding Indictment, Doc. 414, at p. 3.

**II.     The disparity of evidence and charges against Mr. Wilson and his remaining co-defendants warrant a severance.**

A severance of defendants may be granted in cases where there is great disparity in the evidence against co-defendants. See United States v. Gaines, 563 F.2d 1352, 1355 (9th Cir. 1977). The need to sever turns on whether the jury can "compartmentalize the disparate evidence with regard to each defendant" and judge each defendant individually. United States v. Haworth, 168 F.R.D. 658, 659 (D.N.M. 1996) (quoting United States v. Sampol, 636 F.2d 621,

647 (D.C. Cir. 1980)). The court may order separate trials of counts or grant a severance of defendants if it appears that a party will be prejudiced by a joinder. United States v. Kelley, 635 F.2d 778, 780-81 (10th Cir. 1980) (citing Fed. R. Crim. P. 12). To determine whether severance is appropriate, the court "must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process…." Kelley, 635 F.2d at 781.

In this case, compartmentalization is particularly critical because of the extreme disparity in evidence and charges against Dana Jarvis and the remaining co-defendants and Mr. Wilson. The evidence against Dana Jarvis appears to be that he orchestrated the distribution of large quantities of marijuana and that he engaged in money laundering to conceal and disguise the proceeds from his illegal activity and to ensure the continued success of his operation. In contrast, Mr. Wilson is charged in only one count in the superceding indictment which does not implicate Mr. Wilson as a leader or organizer in any drug-related activities. As such, Mr. Wilson's alleged involvement in any criminal activity does not rise to the level of that of Defendant Jarvis and a severance is warranted on that basis alone. See Sampol, 636 F.2d at 645 (recognizing that the "'dangers of transference of guilt' are such that a court should use 'every safeguard to individualize each defendant in his relationship to the mass'")(quoting Kotteakos v. United States, 328 U.S. 750, 773 (1946)). Thus, Mr. Wilson risks substantial prejudice by his mere presence in the courtroom with co-defendant Jarvis and the other co-defendants.

### III.    A Severance will be in the interest of judicial economy.

Lengthy and complex trials may have notable disadvantages which can be resolved by holding two or more trials. See United States v. Haworth, 168 F.R.D. 658, 660 (D.N.M. 1996); United States v. Casamento, 887 F.3d 1141 (2d Cir. 1989). Separate trials aid in making

complex cases more manageable and efficient for all the parties. United States v. Shea, 750 F. Supp. 46, 50 (D.Ma. 1990) ("[There] is a principle that aims for reasonable speed in litigation…It underscores the court's authority and responsibility for breaking apart an unduly complex and lengthy case.")  In United States v. Haworth, the Court granted a severance recognizing that a "lesser number [of defendants] eases the burden on the Court and its staff and reduces the likelihood that the participants' scheduling conflicts will necessitate continuances." 168 F.R.D. at 660.  In deciding to separate the trials, the Haworth Court considered the high potential for prejudice when defendants charged only with drug crimes are tried jointly defendants charged with drug and violent crimes, the disparity in evidence against the co-defendants, the complexity of the case, and judicial economy.  See id. at 659.

    Mr. Wilson's trial could not be more simple and straightforward.  He was not a knowing participant of a conspiracy and he clearly did not understand the scope and methods of the conspiracy.  A severed trial will take no more than two days.  This is in stark contrast to the issues the jury must resolve with regard to a continuing criminal enterprise.

    WHEREFORE, Defendant Dennis Wilson requests that this Court grant a severance for Mr. Wilson from his co-defendants so that this matter can be tried promptly and efficiently.

    Respectfully submitted,

    Electronically Filed 10/22/06
    Robert J. Gorence, Esq.
    Attorney for Defendant Wilson
    Gorence &Oliveros, P.C.
    201 12th Street NW
    Albuquerque, NM 87102

I hereby certify that a true and correct copy of the foregoing was faxed on this 23rd day of October, 2006 to:

AUSA James R.W. Braun
PO Box 607
Albuquerque, NM 87103

Robert R. Cooper
1011 Lomas, NW
Albuquerque, NM 87102

Martin Lopez, III
1500 Mountain Road, NW
Albuquerque, NM 87104-1359

Brian A. Pori
204 Bryn Mawr, NE
Albuquerque, NM 87106

Jacquelyn Robins
1905 Lomas Blvd., NW
Albuquerque, NM 87104

Cliff McIntyre
1500 Mountain Road, NW
Albuquerque, NM 87104

Kimberly A. Middlebrooks
PO Box 66985
Albuquerque, NM 87193

David A. Streubel
Kelley, Streubel & Mortimer LLC
315 5th Street, NW
Albuquerque, NM 87102-2105

John V. Butcher
Federal Public Defender's Office
111 Lomas Blvd., NW, #501
Albuquerque, NM 87102

D. Penni Adrian
4300 Carlisle Blvd., NE, #4
Albuquerque, NM 87107

Angela Arellanes
PO Box 1784
Albuquerque, NM 87103-1784

Bennett J. Baur
Rothstein, Donatelli, Hughes, Dahlstrom,
   Schoenburg & Bienvenu
PO Box 8180
Santa Fe, NM 87504-8180

Electronically Filed 10/22/06
Robert J. Gorence