IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: CR 05 1849 JH |
| | ) | |
| DENNIS WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS INDICTMENT, OR IN THE ALTERNATIVE,
A MOTION FOR A BILL OF PARTICULARS**

The Defendant, Dennis Wilson, by his attorney, Robert J. Gorence, Esq. of Gorence & Oliveros, P.C., respectfully requests the Court dismiss the indictment in this matter. As grounds for this motion, Defendant states:

1. The original indictment was returned in this matter on August 23, 2005. Mr. Wilson was not named in the original indictment.

2. The superceding indictment was returned in this matter on April 25, 2006.

3. Count One of the superceding indictment alleges conspiracy charges against Mr. Wilson. Specifically, the superceding indictment alleges as follows in Count 1:

> From approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere, the defendants....DENNIS WILSON a/k/a "Big Dennis,".... did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons whose names are known and unknown to the grand jury to distribute 1000 kilograms and more of marijuana....

The information included in The Manner and Means of the Conspiracy with respect to Mr. Wilson is limited to the following allegations:

> Generally, the bulk marijuana was transported by members of the conspiracy, including defendants Russell Trujillo, Lloyd Montoya, and Dakota Fitzner, from the Tucson area *to New Mexico where it was stored at additional stash houses maintained by Dana Jarvis and/or other members of the conspiracy, including defendants Mary Cannant, Dakota Fitzner, and Dennis Wilson*.

Superceding Indictment, Doc. 414 at p. 2 (emphasis added). Other than the above-cited allegations and the those in the forfeiture count, Mr. Wilson's name is absent from the remainder of the superceding indictment.

     4.     Further, the superceding indictment fails to *specify* a single act on the part of Mr. Wilson during the applicable statute of limitations. Although an overt act is not required to be alleged in a 21 U.S.C. § 846 conspiracy, in this particular case, there is no evidence to establish that Mr. Wilson wilfully associated himself with his alleged co-conspirators, nor committed any act in furtherance of the conspiracy, within the applicable period of limitations.

     5.     Due to the nature of this motion, concurrence of the government has not been sought.

## ARGUMENT

The crime of conspiracy charged under 21 U.S.C. § 846 is subject to a five year statute of limitations period. See 18 U.S.C. § 3282. To determine the statute of limitations in conspiracy cases, the court is to use the date of the last overt act in furtherance of the conspiracy. See Local Lodge No. 1424 v. N.L.R.B., 362 U.S. 411, 423 n. 15, 809 S.Ct. 822, 4 L.Ed.2d 832 (1960). The Fifth Amendment does not allow the government to prosecute a charge of conspiracy based on conduct that falls within the statue of limitations pursuant to an indictment that charges only conduct that is barred by the statue of limitations. United States v. Stoner, 98 F.3d 527, 533 (10th Cir. 1996)(J. Briscoe, dissenting), *equally divided en banc*, 139 F.3d 1343 (10th Cir. 1998).

Prosecutions based on indictments that do not allege that conduct constituting the conspiracy occurred within the statue of limitations infringe on a defendant's Fifth Amendment right to be convicted on facts found by a grand jury.  See U.S. CONST. AMEND. V;  Russell v. United States, 369 U.S. 749, 760, 82 S.Ct. 1038, 1045, 8 L.Ed. 2d 240 (1962).

Similarly, an indictment lacking any allegation that the conspiracy offense was committed within the limitations period infringes a defendant's Sixth Amendment right "to be clearly informed of the nature and the cause of the accusation against [her]." See Nevius v. Sumner, 852 F.2d 463, 471 (9th Cir.1988), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989); see also U.S. CONST. AMEND. VI.  Consequently, a defendant who is confronted with untimely conspiracy allegations should not be required to guess what timely offenses the government will subsequently allege at trial.  Stoner, 98 F.3d at 533.  Providing adequate notice to the defendant is of particular concern in prosecutions involving the somewhat amorphous crime of conspiracy.  *Cf.* Krulewitch v. United States, 336 U.S. 440, 445-47, 69 S.Ct. 716, 719-20, 93 L.Ed. 790 (1949) (Jackson, J., concurring) (describing conspiracy as an "elastic, sprawling and pervasive offense," as being "so vague that it almost defies definition," and as "chameleon-like [because it] takes on a special coloration from each of the many independent offenses on which it may be overlaid"); Harrison v. United States, 7 F.2d 259, 263 (2d Cir.1925) (referring to conspiracy as the "darling of the modern prosecutor's nursery"); Wayne R. LaFave & Austin W. Scott, Jr., CRIMINAL LAW § 6.4(b), at 526 (2d ed. 1986) ("[I]t is clear that a conspiracy charge gives the prosecution certain unique advantages and that one who must defend against such a charge bears a particularly heavy burden.").  Accordingly, an indictment must

allege that the conduct constituting the conspiracy fell within the statue of limitations, and an indictment that does not contain such allegations is subject to dismissal. Stoner, 98 F.3d at 533.

Because the superceding indictment in this case fails to allege any specific act involving Mr. Wilson within the statute of limitations period, the indictment should be dismissed. In a non-overt-act conspiracy charge, the indictment satisfies the requirements of the statue of limitations only if the government alleges and proves, at trial or pretrial, that the conspiracy continued into the limitations period. See Id.; United States v. Thompson, 125 F.Supp.2d 1297, 1302 (2000); United States v. Butler, 792 F.2d 1528 (11th Cir. 1986), United States v. Dolan, 120 F.3d 856 (8th Cir.1997). Further, on conspiracy charges which require listing of overt acts, the statute of limitations is only satisfied if the last overt act alleged and proven occurs within the limitations period. United States v. Stoner, 98 F.3d 527, 533 (10th Cir. 1996)(J. Briscoe, dissenting), *equally divided en banc*, 139 F.3d 1343 (10th Cir. 1998); United States v. Thompson, 125, F.Supp.2d 1297, 1302 (2000); United States v. Dolan, 120 F.3d 856, 864 (8th Cir. 1997)(recognizing that "[t]he government, to prevent the indictment from being found defective on its face, 'must allege and prove the commission of at least one overt act by one of the conspirators within [the five year] [limitation] period in furtherance of the conspiratorial agreement.'"). Here, to satisfy the statue of limitations as to the conspiracy count, the superceding indictment must set forth at least one act that occurred within the statue of limitation period. The superceding indictment in this case fails to allege even a single specific act involving Mr. Wilson in furtherance of the conspiracy that occurred within the five year statute of limitations period and, therefore, the indictment should be dismissed.

**WHEREFORE**, for the reasons stated above, Mr. Wilson respectfully requests this motion be granted and that the indictment in this matter be dismissed with prejudice. In the alternative, Mr. Wilson requests a Bill of Particulars and a transcript of the grand jury proceedings.

Respectfully submitted,

Electronically Filed 10/22/06
Robert J. Gorence, Esq.
Attorney for Defendant Wilson
Gorence &Oliveros, P.C.
201 12th Street NW
Albuquerque, NM 87102

I hereby certify that a true and correct copy of the foregoing was faxed on this 23rd day of October, 2006 to:

AUSA James R.W. Braun
PO Box 607
Albuquerque, NM 87103

Robert R. Cooper
1011 Lomas, NW
Albuquerque, NM 87102

Martin Lopez, III
1500 Mountain Road, NW
Albuquerque, NM 87104-1359

Brian A. Pori
204 Bryn Mawr, NE
Albuquerque, NM 87106

Jacquelyn Robins
1905 Lomas Blvd., NW
Albuquerque, NM 87104

Cliff McIntyre
1500 Mountain Road, NW
Albuquerque, NM 87104

Kimberly A. Middlebrooks

PO Box 66985
Albuquerque, NM 87193
David A. Streubel
Kelley, Streubel & Mortimer LLC
315 5th Street, NW
Albuquerque, NM 87102-2105

John V. Butcher
Federal Public Defender's Office
111 Lomas Blvd., NW, #501
Albuquerque, NM 87102

D. Penni Adrian
4300 Carlisle Blvd., NE, #4
Albuquerque, NM 87107

Angela Arellanes
PO Box 1784
Albuquerque, NM 87103-1784

Bennett J. Baur
Rothstein, Donatelli, Hughes, Dahlstrom,
  Schoenburg & Bienvenu
PO Box 8180
Santa Fe, NM 87504-8180

Electronically Filed 10/22/06
Robert J. Gorence