IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              No. CR 05-1849 JH

DANA JARVIS, et al.,

    Defendants.

## DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY RELATED TO THE ALLEGATIONS IN THE SUPERCEDING INDICTMENT PERTAINING TO CONSPIRACIES FROM 1990 TO 1999

The Defendants hereby jointly and respectfully request the Court to compel the government to produce in discovery information pertaining to the period from 1990 to 1998 alleged in Counts I and III of the Superceding Indictment. As grounds therefor, the Defendants state as follows:

Investigators for the Defendants have reviewed the discovery produced to date in search of information in support of the allegation that the conspiracies alleged in Counts I and III covered a time span reaching from 2005 back to as early as 1990. After a diligent search of the discovery produced so far, the investigators have been unable to find any evidence or information that would support the

allegation of a conspiracy dating back to 1990.  In fact, there is no information in the discovery to support the allegation of a conspiracy pre-dating 1999.

Either the government lacks any evidence to support its allegations that there were conspiracies to distribute marijuana and to launder money prior to 1999, or the government is withholding, concealing, or suppressing evidence to support these allegations.

> Under Fed. R. Crim. P. 16(a)(1)(E),
>
> upon a defendant's request, the government must permit the defendant to inspect . . . papers [or] documents . . . if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

*United States v. Muessig*, 427 F.3d 856, 864 (10th Cir. 2005).

In this case, the Defendants jointly seek disclosure on three grounds: (1) the requested evidence is material to preparing the defense, (2) the government intends to use the requested evidence in its case-in-chief at trial, and (3) the evidence of these alleged conspiracies would have been obtained from or belonged to one or more of the Defendants.  See ***United States v. Bergonzi***, 216 F.R.D. 487, 501 (N.D. Cal. 2003) (evidence is material for purposes of criminal discovery if it plays an important role

in uncovering admissible evidence or assisting impeachment or rebuttal).

The Defendants are charged with a lengthy and massive marijuana distribution conspiracy spanning 15 years, yet the evidence produced to date reveals a dearth of evidence regarding 8 or 9 years of the alleged time span. In order to prepare their defense, the Defendants request the evidence regarding the span of the conspiracies alleged in Counts I and III from 1990 to 1999. In addition, the Defendants expect the government to introduce evidence pertaining to the period of time from 1990 to 1999 in its case in chief at trial. Furthermore, it stands to reason that the evidence of these alleged conspiracies would have been obtained from the Defendants. If there is any such evidence, Rule 16 requires that it be provided to the Defendants.

Undersigned counsel for the Defendants contacted counsel for the government, Assistant United States Attorney James R. W. Braun, who has indicated his opposition to the relief requested in this motion.

## CONCLUSION

There are three independent grounds for this request: (1) the evidence is material to preparing the defense, (2) the government is expected to use the requested evidence in its case in chief at trial, and (3) the government obtained the

requested evidence from the Defendants. Accordingly, the Defendants jointly and respectfully request that the Court order the government to produce evidence in its possession pertaining to the allegations of conspiracies in Counts I and III for the time span from 1990 to 1999.

    Respectfully submitted,

    <u>Electronically filed</u>
    Scott M. Davidson, Ph.D., Esq.
    1011 Lomas Boulevard NW
    Albuquerque, NM 87102
    (505) 255-9084
    Associate Counsel for Defendants
      represented by counsel appointed
      under the Criminal Justice Act

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2006, I served a true and correct copy of the **DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY RELATED TO THE ALLEGATIONS IN THE SUPERCEDING INDICTMENT PERTAINING TO CONSPIRACIES FROM 1990 TO 1999** to by U.S. mail, postage prepaid, on counsel for the United States at the address listed below:

James R.W. Braun, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87102

                                          <u>Electronically filed</u>
                                          Scott M. Davidson, Ph.D., Esq.