IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )   )   Plaintiff,  )   )   vs.  )   )   DENNIS WILSON, et al.,  )   )   Defendants.  ) | Cr. No. 05-1849 JH |

UNITED STATES' RESPONSE TO DEFENDANT DENNIS WILSON'S MOTION TO DISMISS THE INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to Defendant Dennis Wilson's "Motion to Dismiss the Indictment, or in the alternative, A Motion for a Bill of Particulars" (Doc. 728).[1]

The defendant claims that the Superceding Indictment in this case, filed April 25, 2006 (Doc. 414), should be dismissed on the grounds that it "fails to allege even a single act involving Mr. Wilson in furtherance of the conspiracy that occurred within the five year statute of limitations period." (Def. Mot. at p.4). He also claims that "there is no evidence to establish that Mr. Wilson wilfully associated himself with his alleged co-conspirators...." (Def. Mot. at p. 2). The claims are without merit and should be denied.

---

[1] This motion is joined by Defendants Dana Jarvis (Doc. 747) and Ayla Jarvis (Doc. 751) however their Notices of Joinder do not add additional arguments to be addressed.

DISCUSSION

I.  The Indictment is Sufficient

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged..." Fed. R. Crim. P. Rule 7(c).  The indictment is sufficient if it "...contains the elements of the offense...fairly informs a defendant of the charge," and enables him to plead double jeopardy.  *Hamling v. United States*, 418 U.S. 87, 117-118 (1974).  "[P]roof of an overt act is not required to establish a violation of 21 U.S.C. § 846." *United States v. Shabani*, 513 U.S. 10, 17 (1994).  "[A]n indictment under [21 U.S.C.] section 846 need not allege overt acts and is basically sufficient if set out substantially in the words of the statute." *United States v. Smith*, 696 F.2d 693, 696 (10th Cir. 1982).
In *Smith*, the indictment, tracking the language of section 846, charged that "the Defendant Timothy Smith did unlawfully, knowingly and intentionally conspire with Kenneth Vann and others as yet unknown, to distribute and possess with intent to distribute quantities of marijuana, a controlled substance." *Id.*  The indictment included a definite time period, a description of the types of marijuana, as there were several types involved, and specified a location where the distribution took place.  The court found on those facts alone, the indictment was sufficient.[2]

Likewise in this case, Count 1 of the superseding indictment exactly tracks the language of the statute and includes a specific time period.  The "Manner and Means of the Conspiracy" section (Doc. 414 at p. 2-3) further describes the operation of the conspiracy including the

---

[2] The defendant also had access to the government's files and grand jury testimony, as well as a Bill of Particulars incorporating the statement of the cooperating witness. However, this was beyond what was necessary for the court to rule the indictment sufficient.

locations of some activities, general descriptions of the roles of each defendant, and a description of the disposition of proceeds of the conspiracy. Further, voluminous discovery has been provided to the defense and transcripts of grand jury testimony were released to the defendants on October 27, 2006. The defendant is fairly apprised of the charges against him and adequately protected against double jeopardy.

That the indictment does not allege an overt act by the defendant in furtherance of the conspiracy within the statute of limitations does not defeat the sufficiency of the indictment. The defendant correctly states that in a "...non-overt-act conspiracy charge, the indictment satisfies the requirements of the statute of limitations only if the government alleges and proves, *at trial or pretrial*, that the conspiracy continued into the limitations period." (Def. Mot. at p. 4) (emphasis added). *See United States v. Stoner*, 98 F.3d 527, 539-540 (10th Cir. 1996) (Briscoe, J., dissenting); *United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986). However, the defendant incongruously relies upon cases discussing the requirements of *overt-act conspiracy charges* to urge the court to impose such a standard here. With the exception of the two cases just cited above, all of the cases in the defendant's motion discuss conspiracies which require overt acts to be pled in the indictment. That is simply not the case here, as the overt acts need not be alleged in a conspiracy charged under 21 U.S.C. § 846. *Shabani*, 513 U.S. 10.

Further, the defendant's claim that the indictment does not allege when he wilfully associated himself with the conspiracy is irrelevant. As discussed above, the indictment is sufficient as drafted and nothing more is required. At trial, in order to convict the defendant of conspiracy, the United States will be required to prove that "...two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy,

and...knowingly and voluntarily became a part of it....Mere association with conspirators, even with knowledge of their involvement in crime, is insufficient to prove participation in their conspiracy." *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citations omitted). The United States will present evidence at trial that the defendant had a number of roles in the conspiracy including wrapping loads at stash houses in Tucson and storing marijuana at his residence in Taos. However, it is not necessary for this evidence to appear in the indictment. "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (citation omitted) (holding sufficient a 21 U.S.C. § 846 indictment which quoted the statute, included the dates of illegal activity, place, and specific controlled substance). The indictment sufficiently informs the defendant of the charges against him, therefore the motion to dismiss should be denied.

II. Bill of Particulars and Grand Jury Testimony

In the alternative, the defendant requests a bill of particulars and release of grand jury testimony. As discussed above, the transcripts of grand jury testimony were previously released on October 27, 2006.

"A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. [T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted, emphasis in original). Additionally, even if an indictment

is not sufficient, "a bill of particulars is unnecessary where the information is available through...an open file policy." *United States v. Griffith*, 362 F.Supp.2d 1263, 1278 (D. Kan. 2005). See also *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991) (upholding trial court's denial of a bill of particulars and holding "'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.")

It is not the function of a bill of particulars to disclose in detail the evidence the government will use at trial. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). A bill of particulars cannot be used to obtain evidentiary detail. *Id*. The defendant is entitled to know what the government has charged, but he is not entitled to know how the government will prove those charges. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The indictment sets forth the elements of the charge and the defendant is sufficiently apprised of the charges. Moreover, the United States has provided voluminous discovery to the defendants in this case. Although it is may not technically be "open file," the discovery produced to date is far above and beyond what is required under the Rules of Criminal Procedure. Given these circumstances, the defendants' request for a bill of particulars should be denied.

CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney