IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION TO
DISMISS COUNT III OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through David C. Iglesias, United

States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States

Attorney for said District, and hereby responds to the "Defendants's Joint Motion to Dismiss

Count III, or, In the Alternative, for a Bill of Particulars" (Doc. 710).[1]

The defendants claim that the Superseding Indictment in this case, filed April 25, 2006

(Doc. 414), should be dismissed on the grounds that it fails to state with specific particularity the

charges such that the defendants may defend against them.  The defendants claim "the indictment

is impermissibly vague and is insufficient ... as it generically alleges money laundering violations

without any specificity for which the United States' proof may encompass an almost endless

variety of factual possibilities...." (Def. Mot. at p. 2).  The defendants go on to claim the

indictment is insufficient because it does not include language that implicates an effect on

interstate commerce and speculates that the grand jury may not have been presented with

---

[1]Defendant Greg Hill joins the motion (Doc. 763) and his additional argument is
addressed below.

evidence of all of the essential elements of the charge.  The claims are without merit and

therefore the motion should be denied.

DISCUSSION

I.  The Indictment is Sufficient

An indictment is "a plain, concise, and definite written statement of the essential facts

constituting the offense charged..." Fed. R. Crim. P. Rule 7(c).  Indictments should be read "as a

whole and interpreted in a common-sense manner."  *United States v. Kilpatrick*, 821 F.2d 1456,

1462 (10th Cir. 1987).  The indictment is sufficient if it "...contains the elements of the

offense...fairly informs a defendant of the charge," and enables him to plead double jeopardy.

*Hamling v. United States*, 418 U.S. 87, 117-118 (1974).  "[A] conspiracy indictment need not

allege the underlying offense with the same degree of specificity that is required to charge the

offense itself."  *Nelson v. United States*, 406 F.2d 1136, 1137 (10th Cir. 1969).  "[W]hen the

sufficiency of the indictment is at issue, 'the entire document may be considered.'"  *United States

v. Edmonson*, 962 F.2d 1535, 1542 (10th Cir. 1992) (citing *United States v. Mobile Materials,

Inc.,* 871 F.2d 902 (10th Cir.1989)).

Count 3 of the superseding indictment exactly tracks the language of 18 U.S.C.

§ 1956(h), but it need not also track the language of the underlying offenses.  *Nelson*, 406 F.2d

1136.  The "Manner and Means of the Conspiracy" section (Doc. 414 at p. 2-3) further describes

the operation of the conspiracy including the description of the movement of drug proceeds:

marijuana distributors in Ohio, Indiana, and elsewhere provided the proceeds to money couriers,

who would then transport it to New Mexico and transfer it to co-conspirators who would count

it.[2]  It is clear from reading the indictment as a whole, that the money laundering conspiracy is

not based on running money through bank accounts, rather it is based on the transfer and

transportation of the drug money from distributors to couriers to counters and, ultimately, to the

money holder for use, among other things, to promote the drug trafficking activity.[3]  Therefore,

the defendants are not faced with the insurmountable task of analyzing over half a million

transactions as they claim.  (See Def. Mot. at p. 5).  The defendants are well informed of the

charges against them and protected from double jeopardy.  Additionally, transcripts of grand jury

testimony were released to the defendants on October 27, 2006, after the filing of this motion.

Therefore, the defendants know precisely on what evidence the charge in Count 3 is based.  The

indictment is sufficient as drafted and therefore the motion to dismiss should be denied.

 II. Bill of Particulars and Grand Jury Testimony

        In the alternative, the defendants request a bill of particulars. A bill of particulars is not

necessary if the indictment sets forth the elements of the offense charged and sufficiently

apprised the defendant of the charges to enable him to prepare for trial.  [T]he defendant is not

entitled to notice of all of the *evidence* the government intends to produce, but only the theory of

the government's case."  *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United*

*States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks

omitted, emphasis in original).  Additionally, even if an indictment is not sufficient, "a bill of

---

[2]  While the United States maintains that the effect on interstate commerce need not be
specifically pled in Count 3, nonetheless, this description adequately indicates such an effect.

[3]While Counts 4-26 charge defendant Jarvis with financial transactions involving bank
accounts, these are the only counts which may involve financial analysis and they involve
discreet transactions - they do not require "reconstruction."

particulars is unnecessary where the information is available through...an open file policy."

*United States v. Griffith*, 362 F.Supp.2d 1263, 1278 (D. Kan. 2005). See also *United States v.*

*Canino,* 949 F.2d 928, 949 (7th Cir.1991) (upholding trial court's denial of a bill of particulars

and holding "'open-file' policy is an adequate 'satisfactory form' of information retrieval,

making the bill of particulars unnecessary.")

It is not the function of a bill of particulars to disclose in detail the evidence the

government will use at trial.  *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).  A bill

of particulars cannot be used to obtain evidentiary detail.  *Id*.  The defendant is entitled to know

what the government has charged, but he is not entitled to know how the government will prove

those charges.  *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

In support of their request for a bill of particulars, the defendants rely on *United States v.*

*Johnson*, 2006 WL 2802261 (D. Kan. 2006).  However, that case does not provide any indication

of the amount of discovery available to the defendant.  The case does mention that the defendant

had been provided all statements by the government's witnesses.  However, the court was also

ruling on other discovery matters.  It seems unlikely the defendant had been provided extensive

discovery at the time of this order because the court was simultaneously ordering disclosure of

DEA 6 reports and arrest reports, among other things, which have already been provided here.

The indictment sets forth the elements of the charge and the defendants are sufficiently

apprised of the charges.  Moreover, the United States has provided voluminous discovery to the

defendants in this case, including transcripts of grand jury testimony.  Although it may not

technically be "open file," the discovery produced to date is extensive.  The defendants are fairly

apprised of the charges against them, protected from double jeopardy, and nothing more is

required.  Given these circumstances, the defendants' request for a bill of particulars should be denied.

## III.  Additional Argument of Defendant Hill

In joining this motion, defendant Hill additionally states that business records were seized by the government at the time of his arrest and have not been disclosed in discovery.  Contrary to Hill's claim, on November 10, 2005, the United States provided him with all documents seized from his business and residence. (See 11/10/05 letter from AUSA Braun attached hereto as Ex. 1).  Counsel for Hill have not previously informed the United States that they are missing any documents.  Regardless, as discussed above, the money laundering conspiracy is not based on running money through bank accounts or businesses, rather it is based on the transfer and transportation of the drug money from distributors and to the money holder, ultimately, for use, among other things, to promote the drug trafficking activity.  Therefore, any such records are not material to either the United States' or the defendant's case.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney