**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    No.  CR 05-1849 JH

DANA JARVIS, et al.,

        Defendants.

**DEFENDANTS' UNOPPOSED JOINT MOTION
TO AMEND THE SCHEDULING ORDER (DOC. # 660)
REGARDING THE BRIEFING SCHEDULE PERTAINING TO THE
DEFENDANTS' JOINT MOTION TO SUPPRESS WIRETAP EVIDENCE**

The Defendants hereby jointly and respectfully request the Court to amend the Second Order Setting Deadlines and Declaring Case Complex (Doc. # 660) ("Scheduling Order") to alter the due dates for the briefing pertaining to the Defendants' motion to suppress wiretap evidence.  The parties envision no change to the April 10, 2007 trial date as a result of the amendment requested in this motion. The parties have agreed to an accelerated briefing schedule on the motion in order to preserve the April 10, 2007 trial date.  As grounds for the relief requested in this motion, the Defendants state as follows:

1.    The Court appointed an expert on Title III wiretaps to assist the Defendants.  The expert was appointed to assist in preparation of the wiretap

motion, provide her expertise regarding Title III wiretaps, and prepare an affidavit regarding the Government's application for court authorization of these wiretaps and the Government's conduct of the wiretaps.  The expert's ability to provide the assistance for which she was appointed is contingent on the Defendants' receiving the complete discovery package from the Government.

2.      In the Scheduling Order, the Court ordered that the Defendants shall file any motion to suppress wiretap evidence "within (30) days after a ruling on the defendants' [joint discovery motion]."  Scheduling Order at 4.

3.      The Court issued two rulings on the Defendants' joint motion regarding wiretap-related discovery, granting in part and denying in part the relief requested. On October 24, 2006, the Court ordered the Government to produce three categories of materials: (1) the documents requested in category 1 of the discovery motion—so-called "ten day reports"; (2) all videotapes and audiotapes requested in categories 7 and 13; and (3) minimization logs requested in category 16.  *See* Doc. #733 at 2-3. After the Court issued its October 24, 2006 Order, the Government informed the Defendants that it would not produce the discovery ordered in that motion while additional briefing regarding discovery was ongoing.  After additional briefing by the parties, on December 27, 2006, the Court ordered the Government to produce two additional categories of materials: (1) surveillance logs and related records as

requested under category 13, and (2) minimization training records under category

16. *See* Doc. # 819 at 3-4. The Government has informed the Defendants that it

intends to comply with the Court's order by producing discovery during the week

of January 8-12, 2007.

4.      The expert has informed undersigned counsel that she is unavailable

until January 22, 2007, to provide assistance to the Defendants due to a *Franks*

hearing regarding a wiretap suppression motion in *United States v. Arvizu*, CR 05-

961 (D. Ariz.). She has informed undersigned counsel that the *Franks* hearing is set

to commence on January 12, 2007. The hearing is expected to continue until at least

January 19, 2007, with the possibility that it might extend through January 22, 2007.

Consequently, the expert is unable to assist the Defendants until January 22, 2007,

at the earliest.

5.      Under the terms of the Scheduling Order, the due date for the wiretap

suppression motion would be January 26, 2007, which is considerably less than 30

days after the anticipated production of the discovery mandated by the Court's two

discovery orders, and less than one week after the court-appointed expert is

available to review the complete discovery package.

6.      The parties have conferred and have agreed that a 30-day period

commencing January 22, 2007, is a reasonable period of time to allow the

Defendants, with the assistance of the court-appointed expert, to review the new

discovery and prepare the wiretap suppression motion and accompanying affidavit.

Consequently, the parties propose that the due date for the wiretap suppression

motion be February 21, 2007.

7.      The parties have also conferred regarding the briefing schedule after the

filing of the wiretap suppression motion.   The parties propose an accelerated

briefing schedule to preserve the April 10, 2007 trial date.  In accordance with this

objective, the parties propose that the due date for the Government's response to the

Defendants' joint wiretap suppression motion be March 14, 2007, which is 21 days

from the proposed due date of February 21, 2007 for the Defendants' joint wiretap

suppression motion.  The parties also propose that the due date for the Defendants'

reply be March 21, 2007, which is 7 days from the proposed due date of March 14,

2007 for the Government's response.

8.      The parties contemplate that the April 10, 2007 trial date can be

preserved under the proposed briefing schedule and amendment to the Scheduling

Order.

9.      The Government does not oppose the relief requested in this motion,

as is reflected in the fact that the due dates proposed in this motion were the subject

of consultation and agreement between undersigned counsel and James R. W.

Braun.

10.     The decision to grant or deny a continuance rests in the sound

discretion of the District Court.  *See **United States v. Gonzales-Parma**,* 645 F.2d 844,

846 (10th Cir. 1981).

11.     The ends of justice will be served by granting the requested amendment

to the Scheduling Order.

WHEREFORE, for all of the foregoing reasons, the Defendants respectfully

request that the Court amend the Scheduling Order as follows: the due date for the

Defendants' joint wiretap suppression motion will be February 21, 2007; the due

date for the Government's response to that motion will be March 14, 2007; and the

due date for the Defendants' reply will be March 21, 2007.

Respectfully Submitted,


By:___/s/_____
                Scott M. Davidson, Ph.D., Esq.
                1011 Lomas Boulevard NW
                Albuquerque, New Mexico 87102
                (505) 255-9084
                    *CJA counsel appointed for*
                    *joint defense motions*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2007, I served a true and

correct copy of this motion by U.S. mail, postage prepaid, on counsel for the United

States at the address listed below:

James R.W. Braun, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103

_____/s/_____
Scott M. Davidson, Ph.D., Esq.