# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO
### Clerk's Minutes
### Before the Honorable Lorenzo F. Garcia

| | | | |
|---|---|---|---|
| Case Name: | CR 05-1849 JH USA v. Jarvis, et al. | Case No. | 05-1849 JH |
| Date: | November 20, 2007 | | |
| Courtroom Clerk: | Mary Woodward | Court Reporter: | **Paul Baca** |
| Court in Session: | 1:35 p.m. | Court in Recess: | 2:05 |

Type of Proceeding: Hearing on Motion to Seal (#1090) and on Motino to Determine Whether Conflict of Interest Exists (#1098)

Attorney(s) Present for Plaintiff(s):

James Braun, Steve Kotz

Attorney(s) Present for Defendant(s):

Joe Romero (Dana Jarvis)
Jody Neal-Post (Dana Jarvis)
Robert Gorence (Dennis Wilson)
Dana Jarvis, Defendant (present)
Dennis Wilson (not present; waives appearance)

Proceedings:

Court in Session:

**1:35**   Entries of Appearance

Court summarizes designation from Judge Herrera to hear this matter and motions to be addressed.

Court addresses Defendant Jarvis' motion to seal (doc. 1090) and concludes it is unnecessary to close proceedings or exclude counsel for the government. Court concludes that the questions before it may be decided on the written submissions and that oral argument is unnecessary. Court reviewed all pleadings and exhibits submitted on these matters, along with related motions that were not referred to the Magistrate Judge.

Court determines oral argument is not necessary. Court accepts proffers that are of record, i.e., Mr. Gorence's proffer (p. 2 of his pleading) and Mr. Jarvis's proffer (affidavit).

**1:40**   Mr. Gorence addresses Court. Mr. Gorence notes that he take issues with Mr. Jarvis's affidavit and response and further states he has not had sufficient time in which to respond to Jarvis's submissions. Mr. Gorence did not receive Mr. Jarvis' response until last Friday. To the extent there are other facts, Mr. Gorence has not had time to prepare and would ask for a continuance.

| | |
|---|---|
| **1:42** | Court denies motion to continue this hearing. |
| **1:43** | Court will allow Mr. Gorence to add to the record at the end of the hearing. |
| **1:44** | Court addresses the motion to determine the existence of a conflict (#1098) and the issue of privileged communications first.  It is undisputed that Mr. Jarvis was represented by counsel and sought other counsel.  He arranged to and met with Mr. Gorence and Mr. Kennedy for purposes of securing counsel.  It is undisputed that Mr. Jarvis sought to enter into a retention agreement with Attorneys Gorence and Kennedy.  Second, Mr. Gorence and Kennedy are members of the Bar.  The Court judicially notices its own records in determining Mr. Gorence and Mr. Kennedy are members of the Bar.  Third, the communications at issue were for the purposes of securing legal representation.  Finally, the privilege was claimed by Mr. Jarvis.  The communications therefore are subject to attorney-client privilege. |
| **1:46** | The fact that there exists the privilege does not resolve the question of whether a conflict of interest has arisen.  Court must make this determination and does so on the submissions, including Mr. Gorence's proffer and Mr. Jarvis' proffer.  The Court determines that there is a conflict of interest.  That finding is not determinative due to issues of waiver. |
| **1:50** | Court observes that conflict may be waived, citing the Model Rules of Professional Responsibility.  Waivers of conflict need not be in writing although written waivers are preferred.  Waivers of conflict may be waived by delays in asserting the waiver. |
| | Court notes that no one, at this stage in the proceeding, has moved to disqualify Mr. Gorence as counsel for Mr. Wilson based on conflict.  Mr. Jarvis' own affidavit (para. 16) states he is conversant with the law on conflict and waiver based on prior experiences in this case.  After the superseding indictment was entered (April 2006), Mr. Gorence filed his notice of appearance, and since that date no motion to disqualify has been filed based on conflict. |
| **1:55** | Court observes email submitted by Attorney Neal-Post to Mr. Gorence stating that Mr. Jarvis had no current intention to raise issue of conflict.  Thus, it is apparent to the Court that Mr. Jarvis was aware of the possibility of a conflict but that he had no present intent to attempt to disqualify Mr. Gorence. |
| **1:56** | Court notes procedural history concerning release of assets so that Mr. Gorence could undertake representation of Mr. Jarvis.  Court struck that motion because Mr. Gorence was not counsel for Mr. Jarvis and was not entitled to act on Mr. Jarvis' behalf.  From that date, there is no evidence that Mr. Gorence took any action on behalf of Mr. Jarvis or that would indicate that Mr. Gorence took any steps to further a relationship between Jarvis and Gorence/Kennedy. |

| | |
|---|---|
| **2:00** | Court determines, based on undisputed portions of the record and finding that there was an attorney-client relationship and ergo, that a conflict arose, Mr. Jarvis' failure to act timely, along with other considerations, resulted in an implied waiver of any conflict. Court denies request for evidentiary hearing. Other pending matters to be resolved by Judge Herrera. |
| 2:03 | Court asks for any submissions by the parties. |
| 2:03 | AUSA Braun addresses court and argues that a waiver does not end the inquiry and that the government may need to file a motion to disqualify. The government objects to sealing all of the pleadings related to these motions. Court overrules U.S.'s objection to unseal some of the pleadings that do not contain privileged or confidential information. Mr. Jarvis's pleadings remain under seal. |
| 2:05 | Neither Mr. Gorence nor Mr. Romero seek to address the Court further. |
| 2:05 | The Court is in recess. |