**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                No. CR 05-1849 JH

DENNIS WILSON, et. al,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on Defendant Dana Jarvis' ("Mr. Jarvis'") Motion to Seal Proceedings Related to Attorney-Client Issue Regarding Robert Gorence, filed October 16, 2007 [Doc. No. 1090], Plaintiff United States' unopposed motion for leave of time to file an out-of-time response to Mr. Jarvis' "Motion to Seal," filed November 12, 2007 [Doc. No. 1118], and Defendant Wilson's Motion to Determine Whether an Alleged Conflict of Interest Exists with Robert J. Gorence's Representation of Dennis Wilson ("Mr. Wilson"), filed October 26, 2007 [Doc. No. 1098]. The Motions were fully briefed or ready for resolution.

On November 15, 2007, the Honorable Judith C. Herrera referred these non-dispositive motions, in accordance with 28 U.S.C. § 636(b)(1)(A), for a hearing and determination by the undersigned United States Magistrate Judge. [Doc. No. 1125.] Although these matters were scheduled for a hearing, I determined that the issues raised could be resolved on the parties' written submissions without the need for either oral argument or an evidentiary hearing. On November 20, 2007, the previously scheduled hearing took place, and the Court ruled on the motions and provided

its reasoning.  In attendance at the hearing were Assistant United States Attorneys James Braun and

Steve Kotz, Attorneys Joe Romero and Jody Neal-Post for Defendant Dana Jarvis, and Attorney

Robert Gorence for Defendant Dennis Wilson.[1]  Mr. Jarvis appeared for the hearing, but Mr. Wilson

waived appearance.

**Mr. Jarvis' Motion to Seal (Doc. No. 1090)
and United States Unopposed Motion to File Out-of-Time Response
to Mr. Jarvis' Motion to Seal [Doc. No. 1118]**

Mr. Jarvis' Motion to Seal stated that it was opposed by Mr. Wilson but Mr. Wilson did not

file a response to the Motion to Seal.  The United States asked to file an unopposed out-of-time

response to the Motion to Seal [Doc. No. 1118] and filed the response [Doc. No. 1119].  The Court

grants the government's request to file the out-of-time response and considered the government's

response [Doc. No. 1119] in resolving this matter.  In essence, the United States opposed the sealing

of these proceedings and any related pleadings unless the proceedings or pleadings contained

privileged or confidential information.  The Court overrules the government's objections in part.

Mr. Jarvis' Motion to Seal is granted to the extent that all pleadings already filed under seal

regarding the issue of attorney-client privilege and conflict of interest will remain under seal.  The

Court denies the motion to the extent it requests that the November 20, 2007 court hearing and court

minutes be sealed.  Because no confidential or privileged information were communicated during

the hearing, there is no basis to seal the court proceedings or related minutes.

---

[1]Early in the hearing, Mr. Gorence requested that the hearing be continued to another date because he had not had time to adequately review Mr. Jarvis' recently submitted pleadings.  The Court denied the motion to continue.

**Defendant Wilson's Motion to Determine**
**Existence of Conflict of Interest [Doc. No. 1098]**

In determining whether a conflict of interest exists, I considered the pertinent law and rules of professional responsibility, all of the parties' pleadings and exhibits related to the motions referred to the undersigned judge, other related pleadings and exhibits, and the history and chronology of this criminal matter.  In addition, the Court specifically considered written proffers by Mr. Gorence, written communications by Ms. Neal-Post and an affidavit of Mr. Jarvis, all of which were submitted as exhibits to motions concerning this issue.

At the November 20, 2007 hearing, the Court made the following factual findings:

1)      It is undisputed that Mr. Jarvis arranged to meet with Attorneys Gorence and Kennedy when Mr. Jarvis was represented by other counsel.  In so doing, Mr. Jarvis sought to secure new counsel by retaining Attorneys Gorence and Kennedy.

2)      As a matter of judicial notice, it is undisputed that Attorneys Gorence and Kennedy are members of the New Mexico State Bar.  *See* United States v. Estep, 760 F.2d 1060, 1063 (10th Cir. 1985) (finding that judicial notice is applicable to the court's own records); St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) (same).

3)      The communications between Mr. Jarvis and Attorneys Gorence and Kennedy were made for the purpose of securing legal representation and were privileged.

4)      Mr. Jarvis claimed the privilege.

5)      The fact that the attorney-client privilege exists does not resolve the question of whether a conflict of interest has arisen.

6)      Based on the written evidence and proffers submitted to the Court, the Court determines, however, that a conflict of interest did arise.

7)      A conflict of interest may be waived.  While waivers of conflict preferably should be  made in writing, such waivers may be implied.

8)      After Attorneys Gorence and Kennedy met with Mr. Jarvis in late 2005 or early 2006, they filed a motion on behalf of Mr. Jarvis in an attempt to obtain a court order to release all assets which had been seized so that Mr. Jarvis could afford to retain Attorneys Gorence and Kennedy. [Doc. No. 314.]  The  filed a motion to strike the motion, in part because Gorence and Kennedy were not Mr. Jarvis' attorneys.  The trial Court conducted a hearing, rejected the limited appearance made by Attorneys Gorence and Kennedy and granted the 's motion to strike the pleading filed by Gorence and Kennedy on behalf of Mr. Jarvis.  [Doc. Nos. 327, 329.]  Mr. Gorence and Mr. Kennedy took no further action on behalf of Mr. Jarvis and never entered into an agreement to represent Mr. Jarvis.  They offered no legal advice, filed no pleadings, conducted no investigation for Mr. Jarvis and did not correspond with him further.  Neither attorney told Mr. Jarvis that they were representing him.

9)      In late April 2006, a superseding indictment was filed adding Mr. Wilson as a Defendant.  [Doc. No. 414.]  Mr. Gorence entered an appearance on behalf of Mr. Wilson in early May 2006.  [Doc. No. 454.]

10)      From May 2006 to the present date (November 20, 2007), no party filed a motion to disqualify Mr. Gorence based on a possible conflict of interest.  In other words, the issue of a possible conflict was not raised for approximately 18 months, even though Mr. Jarvis states in his affidavit that he is conversant with the law on conflict of interest and waiver based on prior experiences in this criminal proceeding.

11)    Indeed, as of October 11, 2007, Jody Neal-Post, present co-counsel for Mr. Jarvis stated in an email to Mr. Gorence that while defense counsel for Mr. Jarvis understood Mr. Gorence's concern that Mr. Jarvis could raise issues regarding Gorence's present representation of Mr. Wilson, neither attorney for Mr. Jarvis "presently intend[ed] nor anticipat[ed]" raising issues regarding Mr. Gorence's representation of Mr. Wilson.  [Doc. No. 1098, Attachment.]  Thus, while it is apparent that Mr. Jarvis is aware of the possibility of a conflict of interest, he has no present intention to attempt to disqualify Mr. Gorence.  Nor did the government file a motion to disqualify Mr. Gorence.

Based on the pertinent law and the Court's findings of facts, including the fact of Mr. Jarvis' present attorney's email to Mr. Gorence advising of no present intent to disqualify him, the Court concludes that Mr. Jarvis waived the conflict of interest by his unreasonable delay in moving for disqualification.  A client's delay may act as implied waiver of the conflict.  Restatement (Third) of the Law Governing Lawyers § 122 cmt. c(i) (2002) (requiring a delay of an "unreasonable period of time" for waiver to apply).

IT IS THEREFORE ORDERED that:

(1)    the government's unopposed motion to file an out-of-time response to Defendant Jarvis' motion to seal [Doc. No. 1118] is GRANTED, and the response [Doc. No. 1119] is deemed to have been filed.

(2)    Defendant Jarvis's motion to seal [Doc. 1090] is GRANTED to the extent that all pleadings relating to this matter that were filed under seal will remain sealed, but DENIED to the extent that the November 20, 2007 court proceeding and minutes will not be sealed.

(3)     Defendant Wilson's motion to determine whether a conflict of interest exists with Mr. Gorence's representation of Mr. Wilson [Doc. No. 1098] is GRANTED and the Court concludes, for the reasons stated above, that an attorney-client relationship arose from Mr. Jarvis' meetings with Attorneys Gorence and Kennedy and that a conflict of interest exists, but that the existence of a conflict was waived by Mr. Jarvis' unreasonable delay in raising the issue.

Lorenzo F. Garcia
Lorenzo F. Garcia
Chief United States Magistrate Judge