IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MEMORANDUM REGARDING *JAMES* HEARING**

The United States submits the following memorandum of law regarding the *James* hearing scheduled to commence on January 26, 2009. The United States has previously agreed to provide the defense with a list of the statements that it intends to introduce at trial in advance of a *James* hearing, *see* Amended, Unopposed Defendant Greg Hill's Motion for Determination of Admissibility of Co-Conspirators' Statements (Doc. 735); United States Response to Defendant Wilson's "Motion and Supporting Memorandum to Exclude the Admissibility of Co-Conspirator Statements" (Doc. 772), and the Court has ordered that materials relevant to the *James* hearing be disclosed by December 29, 2008. In that regard, attached hereto as Exhibit 1 is a list of intercepted wiretap calls that the United States intends to introduce at trial, and attached hereto as Exhibit 2 is a summary of co-conspirator statements as contained in reports of interviews with cooperating witnesses whom the United States may call to testify at trial. The United States also intends to introduce at trial the drug

ledgers maintained by defendant Dana Jarvis, which were seized from Jarvis's residence on August 25, 2005.  A copy of those ledgers was previously released to the defense.

> I.   *James* Hearings Are for the Purpose of Determining Preliminary Questions of Fact Pursuant to Fed. R. Evid. 104(a), Namely, Did the Predicate Conspiracy Exist, and Was the Defendant a Member of the Conspiracy.

The Federal Rules of Evidence codify the traditional rule that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is to be treated as the party's own admission and therefore as non-hearsay.  Fed. R. Evid. 801(d)(2)(E); *United States v. Perez*, 989 F.2d 1574, 1577 (10th Cir. 1993) (construing "agency theory of conspiracy").  The Tenth Circuit has developed a three-part test for the admission of co-conspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence.

> The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.

*United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990).  The existence of a conspiracy and the defendant's involvement in it are preliminary questions of fact that, under Federal Rule of Evidence 104(a), must be resolved by the Court.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).[1]  The third part of the test, whether the statements were made in the course of and in furtherance of the conspiracy, is not a preliminary question of fact at all

---

[1] A district court's finding of a predicate conspiracy is reviewed for clear error. *United States v. Williamson*, 53 F.3d 1500, 1517 (10th Cir. 1995).

but the final element for admission of the statements into evidence.

In *United States v. Petersen*, 611 F.2d 1313 (10th Cir. 1979), the Tenth Circuit "recommend[ed]" that district courts follow "a series of rules" articulated by the Fifth Circuit to resolve preliminary questions of fact related to the admission of co-conspirator statements, namely, the existence of the conspiracy and the defendant's involvement in it. *Id.* at 1330 (*quoting United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*en banc*)). The Tenth Circuit went on in *Petersen* to examine *James* at length.

> First, the [*James*] Court ruled ... that Rule 104(a) of the Federal Rules of Evidence requires the judge alone to make the determination as to admissibility of hearsay co-conspirator statements.
>
> Second, because of the [*James*] Court's conclusion that the district court's "threshold determination of admissibility is normally to be made during the presentation of the government's case in chief and before the evidence is heard by the jury" (*Id.* at p. 581), a "substantial" independent evidence rule was applied,[2] rather than one requiring, at the initial stages of the proceedings, a "preponderance" of the evidence.
>
> Third, the [*James*] Court determined that it is preferable, whenever possible, to require the Government to first introduce independent proof of the conspiracy and, subsequent thereto, to establish the connection of the defendant with the conspiracy before admitting hearsay declarations of co-conspirators.

---

[2] "By 'substantial, independent evidence' we mean more than a scintilla. It is such evidence as a reasonable mind would accept as adequate to support a conclusion. Substantial evidence is less than the weight of the evidence. The possibility of drawing two inconsistent conclusions from the evidence, however, does not prevent the existence of the requisite elements from being supported by substantial evidence." (Court's footnote from *Petersen*).

However, it was recognized that in certain instances where it is not "reasonably practicable to require the showing to be made before admitting the evidence, the court may admit the statements subject to being connected up." *Id*. at 582.

Fourth, although allowing the hearsay declarations to be admitted following or during the Government's case in chief upon a showing of "substantial, independent evidence" the Court required that "(r)egardless of whether the proof has been made in the preferred order, or the coconspirator's statement has been admitted subject to later connection, on appropriate motion at the conclusion of all the evidence the (district) court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy". *Id*. at 582.[3]

Should the district court conclude, at this stage of the proceedings, that the prosecution has not borne its burden of proof on these issues, the statement is not admissible in evidence. Thus, the court must then decide whether the erroneous admission can be cured by a limiting or cautionary instruction or whether a mistrial is required.

We are of the view that this procedure presents a workable solution to a difficult problem. It draws a delicate line between allowing the Government sufficient leeway to properly present its case while at the same time preventing the inherent danger of prejudice to a defendant which would result should a jury consider hearsay statements which lack adequate guarantees of trustworthiness.

---

[3] "The district court, in our view, should make an explicit determination for the record regarding the admissibility of the statements as to each defendant challenging their introduction." (Court's footnote from *Petersen*).

4

*Petersen*, 611 F.2d at 1330. *Petersen*'s only reference to a requirement that the trial court find that the co-conspirator statements were made during the course and in furtherance of the conspiracy is that the trial court must do so "on appropriate motion at the conclusion of all the evidence...." *Id.* The government is aware of no Tenth Circuit or Supreme Court decision requiring it to make a pretrial showing of this final element for admission of co-conspirator statements under Rule 801(d)(2)(E).

The Tenth Circuit's rules were modified by the Supreme Court's decision in *Bourjaily*, which held that a court making the requisite factual determinations under Rule 801(d)(2)(E) may examine the hearsay statements sought to be admitted as well as the independent evidence presented. 483 U.S. at 182-83. "*Bourjaily* requires, at most, that there be *some* independent evidence linking the defendant to the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1124-25 (10th Cir. 1995) (emphasis added). Such independent evidence may be sufficient even if it is not "substantial." *United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993). The Tenth Circuit has defined "independent evidence" for this purpose simply as "evidence other than the proffered [co-conspirator] statements themselves." *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987). Co-conspirator testimony regarding "direct observations and contacts with defendant" has been held to qualify as independent evidence. *United States v. Hernandez*, 829 F.2d 988, 995 (10th Cir. 1987).

By the time of the Tenth Circuit's decision in *United States v. Urena*, 27 F.3d 1487

(10th Cir. 1994), the Court of Appeals was referring to the district court's determination of preliminary questions of fact pursuant to Rule 104(a) as a "*James* hearing." *Id.* at 1491 ("The strongly preferred order of proof in determining the admissibility of an alleged co-conspirator statement is first to hold a '*James*' hearing, *see generally United States v. James*, ... outside the presence of the jury *to determine by a preponderance of the evidence the existence of a predicate conspiracy*") (emphasis added).

To the best of the government's knowledge, no Tenth Circuit or Supreme Court case construing *James* or Rule 801(d)(2)(E) requires the government to make a pretrial showing of the content of co-conspirator statements, or to make a pretrial showing that the statements were made during the course and in furtherance of the conspiracy. To the extent that the cases cited above discuss the contents of the proffered co-conspirator statements, they do so because the statements themselves have been offered as proof of the existence of the conspiracy or the defendant's membership. *See, e.g., Owens*, 70 F.3d at 1124-25 (noting that *Bourjaily* provides that the trial court may consider the co-conspirator statements themselves in determining preliminary questions of fact for admission under Rule 801(d)(2)(E)). At the *James* hearing in this case, the government will make its preliminary showing of the existence of the conspiracy through both "independent evidence" within the meaning of *Bourjaily*, *Owens* and the other precedents cited above, and by reference to co-conspirator statements.

It is within the Court's discretion to allow as independent evidence summary testimony

of a government agent regarding additional out-of-court statements by a coconspirator to that agent during an investigation where the agent's testimony does "more than summarize the coconspirator statements the government sought to introduce." *Owens*, 70 F.3d at 1123. Such testimony may be based upon additional information provided by co-conspirators subsequent to their agreement to cooperate with the government regarding first-hand knowledge the co-conspirators had of the defendant's involvement in the conspiracy. *Id.* The United States intends to call DEA Special Agent Rich Stark at the *James* hearing to testify regarding independent evidence provided by cooperating witnesses.

II.     Types of Statements Admissible Under Rule 801(d)(2)(E).

The following types of statements have been held to be in furtherance of the conspiracy:

- statements identifying other members of the conspiracy and statements describing their roles in the conspiracy. *Williamson*, 53 F.3d at 1520.

- statements made to avoid detection by law enforcement. *Id.*

- statements of future intent that set transactions and maintain information flow. *United States v. Roberts*, 14 F.3d 502, 515 (10th Cir. 1993).

- statements made to induce further participation or action in the group's activities or to "induce enlistment." *Id.*

- statements made to keep coconspirators abreast of an ongoing conspiracies' activities. *Id.*

- statements reassuring coconspirators of a conspiracy's continuing existence or to "allay a coconspirator's fears." *Id.*

- written records created by a co-conspirator in furtherance of the conspiracy. *United*

*States v. McGlory*, 968 F.2d 309, 332-33 (3rd Cir. 1992).

The United States submits that each of the statements listed in Exhibits 1 and 2, along with the drug ledgers, were made by a co-conspirator during and in furtherance of the charged conspiracy, and that each of the defendants was a member of the charged conspiracy.[4] Therefore, those statements are admissible at trial in this matter pursuant to Fed. R. Evid. 801(d)(2)(E).[5]

Finally, the United States has attempted to address all of the co-conspirator statements that it will seek to introduce at trial. The statements listed in Exhibit 2, however, are oral statements that were not contemporaneously recorded and which will be presented through witness testimony only. Therefore, the United States respectfully submits that the statements identified therein may not be exhaustive, and gives notice that the testimony offered at trial concerning the statements may vary from the summaries offered herein. The United States respectfully reserves its right to argue that co-conspirator statements satisfying Rule 801(d)(2)(E) that are adduced at trial but which are not listed in Exhibit 2, despite the

---

[4] The defendants should not be heard to complain that co-conspirator statements uttered before they joined the conspiracy ought not be used against them; Tenth Circuit precedent specifically allows for the admission of co-conspirator statements made prior to a defendant's entry into the conspiracy. *United States v. Brown*, 943 F.2d 1246, 1253-55 (10th Cir. 1991).

[5] At least some of the statements in the attached lists were made by one or more of the remaining defendants themselves, and are thus independently admissible under Fed. R. Evid. 801(d)(2)(A) as statements by a party opponent. However, those statements are being included herein in an abundance of caution, and to avoid the necessity of a limiting instruction as to the non-declarant defendants.

government's good faith effort at completeness, should nonetheless be received in evidence.

            Respectfully submitted,

            GREGORY J. FOURATT
            United States Attorney

            *ELECTRONICALLY FILED*

            JAMES R.W. BRAUN
            Assistant U.S. Attorney
            P.O. Box 607
            Albuquerque, New Mexico 87103
            (505) 346-7224

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 29th day of December, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendants to be served by electronic means.

            *ELECTRONICALLY FILED*

            JAMES R.W. BRAUN
            Assistant U.S. Attorney